In the Matter of IRVING J. KAUFMAN, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, January 3, 1985

**APPEARANCES OF COUNSEL**

*Patricia Smillie-Scavelli* of counsel (*Michael A. Gentile,* attorney), for petitioner.

No appearance on behalf of respondent.

**OPINION OF THE COURT**

*Per Curiam.*

The Departmental Disciplinary Committee has moved for an order punishing respondent for contempt with fines or imprisonment or both; an order disbarring him for his failure to comply with the June 28, 1983 order of this court suspending him from practice; and imposition of the costs of this motion upon respondent since the same was occasioned by his "wilful and contemptuous disregard of the order suspending him from practice." Respondent has defaulted on this motion.

Respondent was admitted to practice in the First Department on December 12, 1938. He was suspended on June 28, 1983, pending completion of an investigation against him for failing, over a period of several years and despite repeated orders of the Surrogate, to file an accounting for an estate in which he was the executor. Respondent failed to appear before the Disciplinary Committee, after being subpoenaed, and after having ob-

tained an adjournment. He also failed to file an answer to this petition.

Respondent has not filed an affidavit affirming that he has complied with the terms of the suspension. On May 15, 1984, he finally appeared before the Committee, but did not deliver the file of the estate which is the subject of the complaint against him. He also indicated that he was unprepared to answer questions regarding the complaint, and affirmed that he was not practicing and had not practiced law since his suspension. On June 26, 1984, however, respondent sent a letter to the Committee indicating that he had practiced law since his suspension in a particular action, which he identified. In letters dated June 28, 1984 and July 2, 1984, respondent's former associate confirmed that respondent had indeed represented the plaintiffs in the named action (apparently by, *inter alia,* executing and submitting an affirmation to the court, preparing motion papers, and conducting examinations before trial), and that he had performed research for him in another action. The Disciplinary Committee reviewed the file of the second case and ascertained that respondent is listed as of counsel, although any appearances since his suspension were made by his former associate and not respondent.

The excuse offered by respondent in this letter was that he was too embarrassed to inform his associate of his suspension. He testified at the hearing that he had known the associate's family since 1943.

Respondent has admittedly violated the terms of the order of suspension, and has defaulted on this motion. We do not believe, however, that all the sanctions sought by the Disciplinary Committee are necessary. While respondent failed to inform a long-time associate and friend of his suspension, and continued his representation in the matter, it should be noted that it was respondent, himself, who advised the Committee in a letter after the hearing of his participation. We do not believe that he should be saddled with the costs of this motion, or fined or imprisoned for his contempt. However, the violation of our order was not *de minimis.* Inasmuch as respondent has already been suspended from practice and a penalty must be imposed because of his extensive participation in a judicial proceeding, disbarment is the only alternative. In this regard we also note respondent's failure to cooperate in the investigation of the initial charges, which are still unresolved.

On the motion before us, to which respondent has defaulted, the uncontroverted documentary evidence, including respondent's letter, the stipulation of adjournment which he signed,

the minutes of the examination before trial at which he appeared as counsel, and the executed affirmation submitted to the court in opposition to a motion to consolidate, is sufficient to permit the finding that respondent violated the terms of this court's order of June 28, 1983 by practicing law.

Accordingly, respondent should be disbarred, and his name stricken from the roll of attorneys and counselors at law.

MURPHY, P. J., KUPFERMAN, SANDLER, SULLIVAN and ALEXANDER, JJ., concur.

Respondent is disbarred from practice as an attorney and counselor at law in the State of New York, effective January 3, 1985.