In the Matter of BRUCE MARC ELLIOTT, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, July 17, 1986

APPEARANCES OF COUNSEL

*Patricia Smillie-Scavelli* of counsel *(Michael A. Gentile,* attorney), for petitioner.

No appearance on behalf of respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Bruce Marc Elliott was admitted to practice as an attorney and counselor-at-law in the State of New York on February 21, 1973, at a term of the Appellate Division, Second Judicial Department. At all times relevant, he has maintained an office for the practice of law in the First Judicial Department. On November 5, 1984, he was convicted of the Federal offense of devising and intending to devise a scheme and artifice to defraud and obtain money by means of false and fraudulent pretenses and representations in violation of 18 USC §§ 1341, 1342. By petition returnable January 23, 1985, the Disciplinary Committee moved for an order determining that the crime of which respondent was convicted is a serious crime within the meaning of Judiciary Law § 90 (4) (d) and directing that respondent show cause pursuant to Judiciary Law § 90 (4) (g) why a final order of censure, suspension or removal from office should not occur. Respondent cross-moved for an order staying the suspension. By order entered February 19, 1985, the cross petition was denied and respondent was suspended from the practice of law until further order of this court and directed to show cause why a final order of suspension, censure or removal from office should not be entered.

Pursuant to the provisions of 22 NYCRR 603.13 respondent filed with this court an affidavit dated March 29, 1985, in which he swore compliance with the order of suspension. Subsequently, by order entered May 30, 1985, this court denied respondent's motion for an order directing that this matter be set down for a hearing before a Referee and that in the interim respondent not be suspended. By order entered October 3, 1985, we granted respondent's reargument motion for a hearing to the extent of modifying the order entered May 30, 1985, and referring the matter to the Disciplinary Committee for a hearing pursuant to Judiciary Law § 90 (4) (h).

The Disciplinary Committee proceeded to assemble information for the hearing concerning respondent's conviction. Be-

cause of certain delays in gathering the information and arranging for the appearance of a government protected witness, a hearing date was not scheduled until January 27, 1986. The hearing was later adjourned with respondent's consent to February 24, 1986. Respondent's counsel then requested an adjournment to April 14, 1986, because respondent was considering submitting his resignation. No resignation was ever submitted.

In February of 1986, prior to the adjourned hearing date, the Disciplinary Committee acquired information that respondent had continued to practice law despite the suspension order and began an investigation. In the two weeks prior to the scheduled April 14th hearing, the Disciplinary Committee obtained a substantial amount of evidence that respondent had been practicing law in contravention of this court's suspension.

On letterhead indicating that he was an attorney-at-law with an office in New York City, respondent, on February 27, 1985, wrote to opposing counsel on a pending divorce proceeding in which respondent was still representing the husband. Correspondence dated March 20, 1985, indicated that respondent was the attorney for Frank's West 15th Street on a matter involving a lease. The attorney for the other party in this matter, David Halper, Esq., testified before the Disciplinary Committee that in April of 1985 respondent prepared the lease between Frank's West 15th Street and Halper's client. Another letter dated March 22, 1985, and addressed to Sylvia Shor refers to a number of matters in which respondent was representing Shor. Shor eventually discharged respondent around the beginning of 1986 but was never aware of respondent's suspension. The Disciplinary Committee's motion papers cite other examples in which respondent continued to represent clients and otherwise held himself out to be an attorney in good standing.

On April 4, 1986, respondent's counsel requested that the Committee discontinue its investigation of respondent's violations of the suspension order upon the representation of counsel that respondent would resign. The Committee refused to discontinue the investigation. Respondent's counsel was advised that the Disciplinary Committee would present a motion to this court seeking respondent's disbarment based upon his practice of law during his suspension. Staff counsel to the Committee then sought and was granted an indefinite adjournment of the hearing previously scheduled on defen-

dant's Federal conviction, pending this motion by the Committee to disbar respondent for his unauthorized practice of law.

Practicing law while under a suspension order is unlawful (Judiciary Law § 486) and warrants immediate disbarment. (See, Matter of Staller, 104 AD2d 116, and cases cited therein.) The motion papers submitted by the Disciplinary Committee in support of its motion contain irrefutable proof in the form of letters by respondent and testimony from former clients and from attorneys that respondent has been engaged in the unauthorized practice of law while under suspension. Respondent not only fails to controvert these findings but consents to disbarment as an appropriate remedy, thus conceding the truth of these claims. Disbarment is required under these facts.

As for further relief, the Disciplinary Committee also seeks appointment of an attorney to inventory respondent's files and imposition of the costs of this motion on respondent. Respondent's violation of this court's order was open and willful and apparently extensive, involving numerous clients and a wide range of matters. Respondent's disregard for the law and the interests of the public had already been made apparent by his conviction involving a scheme to defraud others of money. His dishonesty became further evident when he filed an affidavit in which he stated under oath that he was in compliance with this court's suspension order when he in fact was not, making it necessary for the Disciplinary Committee to conduct an investigation and bring the instant motion. Respondent has demonstrated that a definite need exists to protect the public from his actions. Therefore, we direct that respondent be disbarred, effective immediately, respondent's name struck from the roll of attorneys and counselors-at-law in the State of New York and that petitioner be appointed to inventory the files of respondent to protect the interests of his clients. Further, we direct imposition of the costs of this motion on respondent.

MURPHY, P. J., KUPFERMAN, ROSS, CARRO and MILONAS, JJ., concur.

Respondent is disbarred from practice as an attorney and counselor-at-law in the State of New York, effective immediately.