In the Matter of ABRAHAM J. BRILL, a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, October 20, 1987

## APPEARANCES OF COUNSEL

*Michael D. Sarner* of counsel *(Michael A. Gentile,* attorney), for petitioner.

*Abraham J. Brill,* respondent *pro se.*

### OPINION OF THE COURT

Per Curiam.

The Departmental Disciplinary Committee for the First Department moves for an order confirming its report, which found that respondent disobeyed a prior order of this court (97 AD2d 16) entered on November 10, 1983 suspending him from practice for six months, by continuing to practice law, and recommended that he be disbarred.

Respondent was admitted to practice in the Second Department on February 3, 1937, and suspended by this court on November 10, 1983, for six months effective January 9, 1984, for neglecting an estate and failing to pay Federal and State estate taxes, when due, for a period of six years. On June 12, 1986, the Committee moved to have him disbarred because he practiced law during his suspension. In his affidavit in opposition, respondent claimed that his sole violation of the order of suspension was to fail to seek an order of reinstatement. This court referred the matter to the Disciplinary Committee to determine whether respondent "did comply with the Order of Suspension, other than failing to apply for reinstatement before resuming the practice of law."

A Hearing Panel was convened on March 18, 1987, an adjourned date requested by respondent's counsel. Neither respondent nor his counsel appeared, nor did they request a further adjournment or communicate with staff counsel or the Panel.

At the inquest, two attorneys testified that they dealt with respondent between January 9, 1984 and July 9, 1984, the period of his suspension, in connection with legal matters in which respondent presented himself as an attorney and represented clients. The Panel determined that respondent had violated the order by practicing, and recommended his disbarment.

In answer to this motion, respondent has submitted a half page affidavit in which he suggests that he had handled the matters set forth in the report prior to his suspension, and was "simply finishing the paperwork". He also claims that he cooperated with the DDC.

Respondent has abandoned his earlier claim that the six months' suspension had terminated when he resumed practicing, but that he neglected to request an order of reinstatement. He clearly practiced during the suspension, and, indeed, throughout most of it. He was not merely finishing paperwork, as he claims, but negotiated the purchase of a long-term leasehold from March 1984, three months after he was suspended, until October 1984, a period of over seven months. In the other matter, he conducted negotiations from April to June 1984 to settle a lawsuit.

Respondent's failure to appear belies his claim of cooperation, and his extremely equivocal affidavit in opposition sheds no favorable light on his conduct during the period of suspension. The testimony of the two attorneys makes clear that respondent practiced law during his suspension, a violation of Judiciary Law §§ 484 and 486. Practicing law while under suspension constitutes grounds for disbarment. (*Matter of Kaufman*, 105 AD2d 145; *Matter of Staller*, 104 AD2d 116.)

Accordingly, the motion to confirm is granted; respondent is disbarred, and his name is ordered stricken from the roll of attorneys and counselors-at-law. An attorney shall be appointed to inventory respondent's files and take such action as may be necessary to protect the interests of respondent's clients. (*See,* 22 NYCRR 603.13 [g].)

SANDLER, J. P., SULLIVAN, CARRO, ASCH and MILONAS, JJ., concur.

Respondent is disbarred from practice as an attorney and counselor-at-law in the State of New York, effective immediately.