In the Matter of J. JEROME OLITT (Admitted as JEROME OLITT), a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, March 9, 1989

**APPEARANCES OF COUNSEL**

*Richard M. Maltz* of counsel *(Michael A. Gentile,* attorney), for petitioner.

*Richard B. Herman* for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent, J. Jerome Olitt was admitted to the practice of law in New York by the Second Judicial Department on June 23, 1954. He was suspended from practice by the Appellate Division, Second Department, for two years in 1960 and reinstated in 1962. In an order dated March 7, 1978, we suspended respondent from the practice of law for three years effective April 7, 1978 and until further order of the court. (61 AD2d 416.)

Respondent's suspension arose out of events which took place in 1965 when respondent, who was representing a builder, sought to have delayed a zoning change application, submitted on behalf of a rival builder. Respondent thereafter delivered money in cash to a person who claimed he could effect such delay. Respondent has never applied for reinstatement and remains suspended pursuant to this court's order. The suspension order specifically mandates that:

"Ordered that said J. Jerome Olitt (admitted as Jerome Olitt) be and he hereby is suspended from the practice as an attorney and counselor-at-law in the State of New York for a period of three (3) years effective April 7, 1978 and until the further order of this Court, with leave to apply for reinstatement after the expiration of said period of three (3) years. * * *

"[Respondent] is commanded to desist and refrain from the practice of law in any form, either as principal or agent, clerk or employee of another. * * *

"[Respondent] is forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority. * * *

"[Respondent] is forbidden to give to another an opinion as to the law or its application or any advice in relation thereto, for a period of three (3) years effective April 7, 1978 and until the further Order of this Court."

In 1955, respondent was admitted to the Bars of the United States District Courts for the Southern and Eastern Districts of New York, where he apparently remains in good standing.

In 1978, respondent brought a proceeding in the Federal court to establish that he was not precluded from practicing therein by virtue of the State court suspension. In affirming the dismissal of his complaint, it was indicated that the State

court's determination was not conclusive as to practice in the Federal jurisdiction *(Olitt v Murphy,* 453 F Supp 354, *affd* 591 F2d 1331 [unpublished mem], *cert denied* 444 US 825).

In 1986, the Departmental Disciplinary Committee moved to have respondent disbarred and punished for contempt for practicing law in violation of his suspension, and we directed a hearing to determine if respondent's practice extended to matters of New York law. (124 AD2d 499.)

It is the contention of respondent that (a) his practice as "house counsel" of a brokerage house, in which he has a controlling interest, (b) his 1984 registration as an attorney with the New York State Office of Court Administration, pursuant to Judiciary Law § 468-a, which did not indicate, in any way, that his practice was limited to Federal courts or Federal matters nor that he was under suspension, (c) his appearance for the brokerage firm in a lawsuit in the Supreme Court, County of New York, and filing of legal papers therein in his own name, (d) his consultation with and giving advice to a client who had a claim against another broker, and (e) his drafting leases and contracts for the brokerage firm, do not impinge upon his argument that he appears only in arbitration proceedings before the New York Stock Exchange on behalf of a company in which he has an interest. He considers the latter a *pro se* appearance. Moreover, he contends that a lay person may practice before the arbitration panel.

The Hearing Panel of the Departmental Disciplinary Committee recommended that respondent be disbarred and the matter be referred to the appropriate authorities to consider whether to bring contempt proceedings against respondent for violating the order of suspension or criminal proceedings for the unauthorized practice of law.

Belatedly, respondent moved to reopen the hearing, which motion was denied, to present additional information, which action he apparently took in order to further delay the proceedings.

It is well settled that the practice of law by a suspended attorney is unlawful and warrants immediate disbarment. *(See, e.g., Matter of Crescenzi,* 136 AD2d 386 [1st Dept 1988]; *Matter of Brill,* 131 AD2d 3 [1st Dept 1987]; *Matter of Elliott,* 118 AD2d 293 [1st Dept 1986]; *Matter of Kaufman,* 105 AD2d 145 [1st Dept 1985].) In this case, there is no reason to deviate from this rule.

Accordingly, the petition should be granted to the extent of disbarring respondent and striking his name from the roll of attorneys and counselors-at-law; finding respondent to be guilty of both civil and criminal contempt, referring the contempt charges to a Referee for the imposition of sanctions, and assessing costs of these motions upon respondent. *(Matter of Spar,* 100 AD2d 71.)

MURPHY, P. J., KUPFERMAN, MILONAS, ROSENBERGER and ELLERIN, JJ., concur.

Motion granted, respondent disbarred and his name struck from the roll of attorneys and counselors-at-law in the State of New York effective March 9, 1989; a Referee appointed to hear and report with respect to the imposition of sanctions; and respondent assessed $100 costs of these motions. The cross motion to deny the motion in its entirety is denied.