In the Matter of HESPER A. JACKSON, JR., a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, July 27, 1989

**APPEARANCES OF COUNSEL**

*Charles M. Guria* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Hesper A. Jackson, Jr.,* respondent *pro se.*

## OPINION OF THE COURT

Per Curiam.

Respondent, Hesper Jackson, Jr., was admitted to the practice of law in New York by the Second Judicial Department on December 17, 1958. At all times relevant herein, respondent has maintained an office for the practice of law in the Second Department. By order of the Appellate Division, Second Department, jurisdiction over respondent concerning this matter was conferred on this Department to ensure impartiality, since respondent was a member of the Grievance Committee of the Second and Eleventh Judicial Districts and had worked closely with the chief counsels for the Grievance Committees in the Ninth and Tenth Districts.

The Departmental Disciplinary Committee (DDC) has moved for an order disbarring him for willful failure to comply with the May 21, 1987 order of this court, amended June 2, 1987, suspending him from the practice of law (128 AD2d 150, 151-152). Respondent had been suspended following his refusal to cooperate with, and attempts to thwart, a DDC investigation of three complaints of professional misconduct. These charges were serious in nature, including conversion of escrow funds, breaches of fiduciary duty and neglect of client matters. At the time of respondent's suspension, we also directed him to comply with our previous order to cooperate in the DDC's investigation.

Five weeks subsequent to his suspension, respondent moved for a stay, which we denied by order entered on September 24, 1987.

By notice of motion dated February 3, 1989, the DDC now seeks an order from this court disbarring respondent because he has, *inter alia,* continued to hold himself out as an attorney, engaged in the practice of law while under the suspension order and disregarded the May 1987 order directing him to comply with the previous order requiring him to cooperate with the DDC investigation. For reasons stated herein, we agree that disbarment is now required.

Engaging in the practice of law "while under a suspension order is unlawful (Judiciary Law § 486) and warrants immediate disbarment." *(Matter of Elliott,* 118 AD2d 293, 296.) The DDC has submitted exhibits in support of its motion which contain irrefutable proof that respondent has been engaged in the unauthorized practice of law while under suspension. Furthermore, not only does respondent fail in his attempts to

controvert these findings, but rather has, as recently as May 1989, submitted papers which, inadvertently or not, support the DDC's claims.

Observations of the windows of respondent's office, located at 860 Fulton Street, Brooklyn, New York, showed that he continued to maintain a "law office" subsequent to his suspension. In addition, respondent is listed in the 1988 NYNEX Brooklyn, "Yellow Pages" under "Lawyers". Respondent thus held himself out to the public as an attorney-at-law in violation of the suspension order. *(Matter of Crescenzi,* 136 AD2d 386, 389.)

Of even greater concern is that during the period of suspension, respondent presented himself as an attorney and represented clients in connection with legal matters; such conduct constitutes unauthorized practice in violation of the suspension order. *(Matter of Brill,* 131 AD2d 3, 4-5; *Matter of Kaufman,* 105 AD2d 145, 146.) On September 29, 1987, subsequent to both the suspension and the denial of a stay, respondent moved for substitution of counsel making him the attorney-of-record, for the defendant, in *McArthur v Empire State Council of Ancient Scottish Rites* (Kings County, index No. 6908/87). Counsel for the plaintiff in this matter submitted papers to the DDC which indicate that respondent appeared in court on at least two subsequent occasions in 1988 on this matter, and engaged in negotiations with his opponent, all the while holding himself out to be an attorney. It is indisputable that this conduct was proscribed following the suspension of respondent. *(Matter of Elliott, supra,* 118 AD2d, at 295.)

In addition, respondent's bank records reflect that he has continued to maintain a special escrow account at Citibank and has drawn checks on this account pursuant to his alleged status as an attorney. This conduct was also prohibited by the suspension order. Rspondent also continued, and still continues, to correspond with clients, attorneys, and, indeed, this very court using letterhead which identifies him as an attorney-at-law. Nothing on the letterhead, which he used as recently as May 1, 1989 in correspondence with this court, indicates that he is suspended from practice in New York. *(See, Matter of Crescenzi, supra,* 136 AD2d, at 389; *Matter of Elliott, supra,* 118 AD2d, at 295.) Not only is this in flagrant violation of respondent's suspension, but it reflects the contempt that respondent has for this court.

We further note that respondent has failed to file an affida-

vit affirming that he has complied with the terms of his suspension. Moreover, although in excess of two years has passed since respondent's suspension, when this court ordered respondent to comply with the previous order requiring his cooperation with the DDC investigation, he has yet to produce numerous files and records requested and has failed to cooperate in any way with the DDC. Thus, there remain three outstanding complaints of grievous professional misconduct against respondent, which the DDC has been frustrated in its attempts to investigate and resolve. While respondent contends that his refusal to cooperate is based upon a genuine belief that an issue exists regarding this Department's jurisdiction in the matter, he has taken no steps to challenge this court's jurisdiction.

On the motion before us, the uncontroverted documentary evidence, including that which respondent submitted, we conclude that respondent violated the terms of this court's suspension order by practicing law.

Accordingly, respondent should be disbarred, and his name stricken from the roll of attorneys and counselors-at-law forthwith.

KUPFERMAN, J. P., SULLIVAN, CARRO, MILONAS and SMITH, JJ., concur.

Respondent is disbarred from practice as an attorney and counselor-at-law in the State of New York, effective forthwith.