In the Matter of JEROME J. ERLIN (Admitted as JEROME ERLIN), a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, May 10, 1990

### APPEARANCES OF COUNSEL

*Alan S. Phillips* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

No appearance on behalf of respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent, Jerome J. Erlin, was admitted to the practice of law by the Second Judicial Department on May 8, 1958, as

Jerome Erlin. At all times relevant herein, he has maintained an office for the practice of law within the First Judicial Department.

By order of this court entered March 10, 1987, respondent was suspended from practice as an attorney and counselor-at-law in the State of New York on grounds of willful failure to cooperate with the Departmental Disciplinary Committee in its investigation of a complaint of professional misconduct pending against him (126 AD2d 83). Subsequent to the service of the March 10, 1987 order of suspension upon him, respondent submitted an answer to the complaint and, upon completion of the investigation, the Disciplinary Committee issued an admonition to him, dated April 2, 1987.

On April 22, 1987, respondent moved this court for an order vacating the suspension and reinstating him to the practice of law. By order entered May 21, 1987, respondent's application was denied.

The Disciplinary Committee now seeks an order pursuant to Judiciary Law § 90 (2), disbarring respondent for willful failure to comply with the March 10, 1987 order of suspension in violation of Judiciary Law §§ 484 and 486. The notice of motion filed by the Committee on January 18, 1990 is predicated upon a complaint received on January 27, 1989 from Christopher DeStefano, who, on September 5, 1985, retained respondent to represent him in a landlord-tenant matter. At the instruction of respondent, DeStefano ceased making rent payments to his landlord and instead issued monthly checks to respondent, to be held in escrow pending resolution of the case. The escrow rent payments were made during the period from February 1, 1986 through October 1987, and totaled $14,500.

DeStefano's complaint alleges that respondent failed to inform him that he had been suspended from the practice of law effective March 10, 1987, and, indeed, that in July 1987, respondent dictated to DeStefano a petition for administrative review seeking the reversal of an adverse decision of the District Rent Administrator, issued on June 2, 1987. In addition, the complaint asserts that on or about July 28, 1987, DeStefano's landlord commenced a nonpayment summary proceeding against him for the withheld rent, and that DeStefano's subsequent attempts to obtain the escrow moneys ultimately necessitated obtaining a court order, granted on respondent's default, to compel the release of his $14,500. Pursu-

ant to the order, the bank issued a check in the amount of $2,804.10 on or about November 27, 1987, and the account is now completely depleted. DeStefano avers that respondent still owes him the balance of $11,695.90, and that respondent's actions nearly caused DeStefano to be evicted.

On February 14, 1989, the Disciplinary Committee mailed a copy of the complaint to respondent, and requested that he submit a written answer to the allegations. The Committee's letter was returned by the United States Postal Service marked "Return to Sender, Left No Address." In the opinion of the Committee, respondent has absconded, taking all of the funds in his escrow account.

The evidence submitted by the Committee supports the charge that respondent continued to represent Mr. DeStefano after his suspension from the practice of law on March 10, 1987. Documentary evidence further supports DeStefano's claim that he deposited his rent checks to the escrow account, and that said account had a zero balance as of April 5, 1988. Also of significance is the fact that respondent cannot presently be located.

The aforenoted uncontroverted evidence supports a finding that respondent intentionally practiced law while under order of suspension, in violation of Judiciary Law §§ 484 and 486. It is well settled that the practice of law by a suspended attorney is unlawful and warrants immediate disbarment. *(Matter of Jackson,* 149 AD2d 10; *Matter of Brill,* 131 AD2d 3; *Matter of Elliott,* 118 AD2d 293.)* In light of respondent's failure to cooperate thus far and the likelihood that he has absconded with over $11,000 in escrow funds, the scheduling of a hearing would be futile.

Accordingly, the Departmental Disciplinary Committee's motion for an order disbarring respondent is granted.

MURPHY, P. J., ROSS, ASCH, KASSAL and WALLACH, JJ., concur.

Respondent is disbarred as an attorney and counselor-at-law in the State of New York, effective immediately.