In the Matter of MILTON FEINMAN, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, September 17, 1992

### APPEARANCES OF COUNSEL

*Tracy Miller* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

No appearance on behalf of respondent.

### OPINION OF THE COURT

Per Curiam.

This is a petition to suspend respondent from the practice of

law forthwith, pending final disposition on formal disciplinary charges of misconduct. Respondent, who has failed to appear in this proceeding, was admitted to practice in New York in 1938, and has maintained a law office within this Judicial Department at relevant times since then.

Petitioner opened its investigation on a complaint from a colleague that respondent, having suffered financial reverses, had misappropriated client funds and recently left the country. That investigation revealed that since 1990, respondent deposited nearly $315,000 in estate monies in his escrow account, and then depleted that account for personal purposes, much of the funds going to cover respondent's failing shipping business. The investigation also revealed that nearly $200,000 was withdrawn from the account of an estate respondent represented, in apparently forged checks drawn to the order of two unrelated estates. Since the initiation of the investigation, petitioner has received many more inquiries from respondent's clients concerning the status of their cases and their funds held in escrow.

Because respondent's whereabouts are unknown, service of the petition by other than personal delivery was authorized, in accordance with Judiciary Law § 90 (6). Petitioner's investigation reveals uncontroverted evidence of respondent's professional misconduct, in violation of Code of Professional Responsibility DR 1-102 (A) (4) and DR 9-102 (22 NYCRR 1200.3 [a] [4]; 1200.46), which presents a threat to the public interest, warranting immediate suspension (22 NYCRR 603.4 [e]; *Matter of Kurtz,* 170 AD2d 1).

Inasmuch as respondent's default and apparent absence from the jurisdiction make it unlikely that he will comply with our rules respecting the duties and conduct of suspended attorneys, we find it necessary to appoint an attorney to inventory respondent's files and take such action as may be necessary to protect the interests of his clients (22 NYCRR 603.13 [g]; *Matter of Brill,* 131 AD2d 3, 5).

Accordingly, the petition should be granted, suspending respondent from the practice of law, effective immediately, and an attorney should be appointed to inventory respondent's files and take such steps as are necessary to protect the interests of his clients.

SULLIVAN, J. P., WALLACH, ASCH, KASSAL and RUBIN, JJ., concur.

Application granted and respondent suspended from the

practice of law, effective immediately, until the further order of this Court, and an attorney appointed to inventory respondent's files and take such steps as are necessary to protect the interests of his clients.