In the Matter of JERROLD ALVIN DOMINGO, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, February 18, 1993

### APPEARANCES OF COUNSEL

*Jorge Dopico* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

No appearance on behalf of respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Jerrold Alvin Domingo was admitted to the practice of law in New York by the Second Judicial Department on February 9, 1983. At all times relevant herein

respondent maintained an office for the practice of law within the First Judicial Department.

Petitioner Departmental Disciplinary Committee seeks an order confirming the findings of the Hearing Panel and disbarring respondent upon the ground that he is guilty of transferring client funds to a bank account outside the State, commingling client funds with his personal funds, converting $17,000 of escrow funds, failing to account to the client for such funds, neglecting a foreclosure matter, neglecting an estate matter, failing to register as an attorney and to pay the biennial registration fee, and failing to cooperate with the Committee in its investigation of the complaints.

It is well settled that, absent extremely unusual mitigating circumstances, conversion of funds belonging to a client or third party is grave misconduct warranting the severe penalty of disbarment (Matter of Schmidt, 145 AD2d 103; Matter of Malatesta, 124 AD2d 62; Matter of Walker, 113 AD2d 254). An attorney who misappropriates funds is presumptively unfit to practice law (Matter of Pressment, 118 AD2d 270, citing Matter of Marks, 72 AD2d 399, 401).

In this case, respondent's deposition testimony reveals that his only explanation as to his conversion of $17,000 in escrow funds was that he deducted an $8,500 fee that was due him for two unrelated and unspecified matters and gave the rest of the money to his father to deposit into an account in Maryland. No other reliable proof was offered to refute the testimony of the client and the documentary evidence showing that no fee was, in fact, due. In addition, no explanation was offered for respondent's failure for three years to comply with his client's demands to return the balance of the money, which had been transferred to Maryland.

This conversion of client funds, in combination with the numerous other serious acts of professional misconduct, his prior disciplinary record of two prior admonitions for neglect of professional obligations and his failure to appear throughout these disciplinary proceedings, clearly warrants the recommended sanction, and the Hearing Panel's findings are therefore confirmed and the respondent disbarred.

CARRO, J. P., ROSENBERGER, ELLERIN, WALLACH and ASCH, JJ., concur.

Petition granted, the findings of fact and conclusions of law of the Hearing Panel are confirmed, and respondent is disbarred from practice as an attorney and counselor-at-law in the State of New York, effective immediately.