[604 NYS2d 117]

In the Matter of WILLIAM S. KAYE (Admitted as WILLIAM SPIEGLER KAYE), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, December 9, 1993

**APPEARANCES OF COUNSEL**

*Barbara S. Gillers* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

No appearance on behalf of respondent.

**OPINION OF THE COURT**

Per Curiam.

Before us is a petition to suspend respondent from the

practice of law pending these disciplinary proceedings on the ground of incontrovertible evidence of serious professional misconduct. Respondent, who has failed to answer the petition, was admitted to practice at the First Judicial Department in 1967, under the name William Spiegler Kaye, and has maintained an office for such practice within this Department at all relevant times since then. During that period he has appeared as counsel in numerous bankruptcy proceedings in the Eastern and Southern Districts of New York.

Petitioner's investigation was opened on complaints from two sources concerning respondent's representation as counsel for Stranahan Foil Company, a petitioner in chapter 11 proceedings now pending in the United States Bankruptcy Court for the Eastern District of New York. Counsel for the Official Committee of Creditors of the debtor in bankruptcy reported that respondent had failed to distribute or finally account for more than $400,000 in liquidation proceeds entrusted to him for the benefit of creditors. The court-appointed trustee in bankruptcy reported that respondent had produced only $104,000 of the liquidation proceeds, and had failed to account for the balance, despite repeated requests, leading the trustee to suspect serious professional misconduct on respondent's part.

Petitioner's investigation revealed that respondent maintained eight attorney accounts, variously bearing his office or home address. The records produced pursuant to petitioner's subpoena lacked a number of bank statements and other key documents. Those that were produced revealed that respondent freely transferred funds among his attorney accounts, and was frequently charged for overdrafts on insufficient funds. Many of the expenditures were for clearly personal obligations. Most revealing was the fact that at the time respondent reported to the Bankruptcy Court in January 1993 that he had more than $400,000 on hand for the benefit of Stranahan's creditors, the combined balance in his eight attorney accounts actually totalled less than $147,000.

In August 1993 the Bankruptcy Court Judge held respondent in civil contempt for failure to comply with a court order to turn over all funds and records, and imposed a continuing fine. The following month, the trustee in bankruptcy charged respondent with embezzlement of bankruptcy estate funds.

The only formal response to these charges consists of a letter to petitioner from respondent's counsel, asserting respondent's Fifth Amendment privilege against self-incrimina-

tion. Such assertion of the privilege, standing by itself, would not warrant discipline for an attorney *(Spevack v Klein,* 385 US 511). However, the commingling of client funds with personal funds, conversion of such funds for personal use, and failure to account, are examples of serious professional misconduct *(Matter of Erdheim,* 191 AD2d 105; *Matter of Domingo,* 188 AD2d 78). Respondent should be suspended from the practice of law immediately *(Matter of Feinman,* 182 AD2d 179), and an attorney should be appointed to inventory his files and take such steps as are necessary to protect the interests of his clients (Rules of App Div, 1st Dept [22 NYCRR] § 603.13 [g]).

MURPHY, P. J., WALLACH, KUPFERMAN, ASCH and RUBIN, JJ., concur.

Motion granted and respondent is suspended from practice as an attorney and counselor-at-law in the State of New York, effective immediately, and until the further order of this Court, and an attorney appointed to inventory respondent's files, all as indicated in the order of this Court.