[669 NYS2d 532]

In the Matter of CHARLES KADISH, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, March 5, 1998

**APPEARANCES OF COUNSEL**

*Jeremy S. Garber* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

No appearance for respondent.

**OPINION OF THE COURT**

Per Curiam.

The respondent, Charles Kadish, was admitted to the practice of law in the State of New York by the First Judicial Department on October 10, 1972. He was also admitted to

practice as an attorney and counselor-at-law in the State of Maine.

Respondent was suspended by this Court on August 4, 1988 pursuant to a serious crime proceeding following his conviction in Federal court of two counts of willful failure to file a Federal income tax return (*Matter of Kadish*, 139 AD2d 226). He was reinstated by this Court by order entered February 15, 1990, with his suspension retroactively made effective from August 4, 1988 to March 10, 1989, the date on which he was discharged from Federal probation (*Matter of Kadish*, 158 AD2d 370).

On June 27, 1997, the Maine Supreme Judicial Court disbarred respondent for conversion of the estate funds of Eveline E. Gervais, an elderly widow over whose assets respondent had been appointed conservator in 1989. The court found that respondent had failed to keep proper records of the conservatorship account and had improperly removed over $79,000 from the estate. (Respondent has still not accounted for these funds.)

The Departmental Disciplinary Committee petitions this Court for an order, pursuant to 22 NYCRR 603.3, disbarring respondent from the practice of law predicated upon the fact that he was similarly disciplined by the Supreme Judicial Court of Maine. Because respondent is precluded from raising any of the defenses enumerated in section 603.3, the Committee's petition is granted.

22 NYCRR 603.3 provides that the only defenses that may be raised in a reciprocal disciplinary proceeding are: (1) lack of notice or opportunity to be heard at the foreign proceedings; (2) such a clear infirmity of proof establishing the misconduct that this Court could not credit the foreign court's determination; or (3) the attorney's conduct does not constitute misconduct in this jurisdiction. None of these defenses apply here.

Respondent received due process. He answered the complaint, communicated several times with Maine's Grievance Commission in connection with the proceedings, and appeared at a hearing before the Commission where he repeatedly asserted his Fifth Amendment rights in refusing to answer the Bar Counsel's questions about respondent's handling of the Gervais assets.

The Maine Supreme Judicial Court's findings of misconduct are supported by the record. Respondent was in charge of Gervais's estate, and a negative inference may be drawn from his refusal to explain the missing funds (*Matter of Kaye*, 194 AD2d 99).

Finally, the conduct for which respondent was disciplined in Maine constitutes misconduct in New York. Maine Bar Rules (MBR) rule 3.1 (a), providing that any violation of the MBR is "conduct 'unworthy of an attorney,'" is analogous to Code of Professional Responsibility DR 1-102 (A) (8) (22 NYCRR 1200.3), pursuant to which courts have often held that violation of the Code "adversely reflects on the lawyer's fitness to practice law". MBR 3.2 (f) (2) and DR 1-102 (A) (3) both provide that a lawyer shall not engage in illegal conduct that reflects adversely on his character. MBR 3.2 (f) (3) is identical to DR 1-102 (A) (4), which states that a lawyer shall not engage in deceit. MBR 3.2 (f) (4) is identical to DR 1-102 (A) (5), stating that a lawyer shall not engage in conduct that is prejudicial to the administration of justice.

Therefore, the Committee's petition is granted, and respondent is disbarred.

SULLIVAN, J. P., MILONAS, ROSENBERGER, RUBIN and WILLIAMS, JJ., concur.

Petition granted, and respondent disbarred from the practice of law in the State of New York, effective immediately.