**Salvatore D'OTTAVIO, Petitioner,**

v.

**UNITED STATES of America,
Respondent.**

No. 91 Civ. 7627 (JES).

United States District Court,
S.D. New York.

July 24, 1992.

See also, 888 F.2d 126.

Salvatore D'Ottavio, pro se.

Otto G. Obermaier, U.S. Atty. for the Southern Dist. of New York, New York City, (Deirdre M. Daly, Asst. U.S. Atty., of counsel), for respondent.

### MEMORANDUM OPINION AND ORDER

SPRIZZO, District Judge.

Petitioner has filed a second *pro se* motion to vacate his conviction pursuant to 28 U.S.C. § 2255.[1]  For the reasons set forth below, the petition is dismissed.

### DISCUSSION

Petitioner alleges that the government suppressed two audiotapes cited in his petition which contained material that should have been disclosed under *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), and that his trial counsel's representation was ineffective.[2]

■ Petitioner's *Brady* claim is without merit.  The first tape petitioner relies on

---

128 (2d Cir.1991)), and too indefinite properly to call for litigation.

**1.** In a Memorandum Opinion and Order, dated September 10, 1991, this Court dismissed the prior petition, including a claim raised for the first time in petitioner's reply to the government's opposition to that petition.  *See D'Otta-*

*vio v. United States,* 91 Civ. 3231, 1991 WL 183358 (S.D.N.Y. Sept. 10, 1991).  Familiarity with that opinion is assumed.

**2.** Petitioner also argues that the government failed to prove the date of the Grand Jury indictment, but this claim was dismissed by this Court's September 10, 1991 Memorandum Opin-

reflecting a May 8, 1981 conversation is not exculpatory. Indeed, since Agent Pistone testified at trial that that conversation involved a member of the Bonnano family telling Pistone that they were "winners, and that there was one situation that remained to be taken care of, and that the guys on the beach now belonged to [them]," *see* Trial Transcript at 76–78, that conversation, rather than exculpating petitioner, corroborates Pistone's testimony. The second audiotape cited in the petition, allegedly reflecting a May 14, 1981 conversation does not exist because the batteries from the agent's transmitter were not working at the time that conversation took place. *See* Trial Transcript at 329–36.

Moreover, the *Brady* claim is procedurally barred under *McCleskey v. Zant*, — U.S. —, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991), because petitioner is "raising a claim in a subsequent [habeas] petition that he could have raised in his first," *id.* at —, 111 S.Ct. at 1468, and petitioner has failed to show (1) cause and prejudice for not raising this claim earlier [3] or (2) that a fundamental miscarriage of justice will result from failure to hear these claims. *Id.* at —, 111 S.Ct. at 1470.

Petitioner's claim of ineffective assistance of counsel essentially involves the failure of his attorney to request the two tapes from the government and an allegation that his counsel did not properly cross-examine Agent Pistone, the government's main witness. *See* Petition at 5. This claim, however, does not satisfy the requirements of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), because petitioner has failed to show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed ... by the Sixth Amendment," and that prejudice has occurred. *Id.* at 687, 104 S.Ct. at 2064. Clearly, the failure to request these two tapes cannot be seen as "serious" error which caused prejudice since one tape is

arguably inculpatory and the other does not exist. In addition, counsel's decision on how to cross-examine Agent Pistone falls within the "wide range of reasonable professional assistance" described in *Strickland*. *Id.* at 689, 104 S.Ct. at 2065. Moreover, petitioner previously claimed ineffective assistance of counsel for a variety of reasons in a post-trial motion and in his previous habeas petition, and this Court has rejected those claims. These claims stand on no better footing. *See United States v. D'Ottavio*, 87 Cr. 205, Memorandum Opinion and Order, 1989 WL 6639 (dated January 18, 1989); *D'Ottavio v. United States*, 91 Civ. 3231, 1991 WL 183358 (S.D.N.Y. Sept. 10, 1991).

### CONCLUSION

Accordingly, the petitioner's motion to vacate his conviction is denied. The Clerk of the Court is directed to dismiss the petition and close the above-captioned action.

It is SO ORDERED.

---

ion and Order, and consequently will not be addressed herein.

**3.** Petitioner conclusorily states only that the present grounds were not previously known to him when he filed his first petition. *See* Peti-

tion at 6. However, no reason is given why these facts were not known or could not have been known to him through "reasonable and diligent investigation." *McCleskey* at —, 111 S.Ct. at 1472.