Salvatore D'OTTAVIO, Petitioner,

v.

UNITED STATES of America,
Respondent.

Nos. 93 Civ. 5808 (JES),
S87 Cr. 205 (JES).

United States District Court,
S.D. New York.

March 30, 1994.

Salvatore D'Ottavio, pro se.

Mary Jo White, U.S. Atty., S.D.N.Y., New York City (Deirdre M. Daly, Asst. U.S. Atty., of counsel), for respondent.

## MEMORANDUM OPINION AND ORDER

SPRIZZO, District Judge.

Salvatore D'Ottavio, acting *pro se,* brings this third 28 U.S.C. § 2255 petition to vacate his conviction, which was affirmed by the United States Court of Appeals for the Second Circuit. In this petition, D'Ottavio claims that his conviction on Count Ten of the Indictment (S87 Cr. 205 (JES)) is duplicitous, and that his attorney failed to advise him that he could testify as to hearsay statements before the grand jury. For the reasons that follow, the petition is dismissed.

## BACKGROUND

After a five day jury trial, petitioner, Salvatore D'Ottavio, was convicted of six counts of making false declarations to a federal grand jury investigating the activities of the Bonanno organized crime family, in violation of 18 U.S.C. § 1623. On January 26, 1989, the Court sentenced D'Ottavio to a term of imprisonment of five years on each count to be served concurrently, and imposed fines totalling $30,000. On August 10, 1988, the Court denied D'Ottavio's motion pursuant to Rule 33 of the Federal Rules of Criminal Procedure, seeking to set aside the conviction and requesting a new trial. *United States v. D'Ottavio,* 87 Cr. 205, 1989 WL 6639 (S.D.N.Y. January 23, 1989). On September 20, 1989, the United States Court of Appeals for the Second Circuit affirmed D'Ottavio's conviction in a summary order. *United States v. D'Ottavio,* 888 F.2d 126 (2d Cir. 1989), *cert. denied,* 495 U.S. 958, 110 S.Ct. 2564, 109 L.Ed.2d 746 (1990).

On May 13, 1991, D'Ottavio filed a *pro se* petition to set aside his conviction pursuant to 28 U.S.C. § 2255 and on September 10, 1991, the Court denied that petition in a memorandum opinion and order. *D'Ottavio v. United States,* 91 Civ. 7627, 1991 WL 183358 (S.D.N.Y. September 10, 1991). On November 12, 1991, D'Ottavio filed a second *pro se* petition to set aside his conviction and on July 27, 1992, the Court denied that petition as well. *D'Ottavio v. United States,* 794 F.Supp. 520 (S.D.N.Y.1992). On March 2, 1993, the Second Circuit affirmed that denial in a summary order. *D'Ottavio v. United States,* 992 F.2d 319 (2d Cir.1993).

On June 14, 1993, D'Ottavio deposited the instant petition with the United States Post Office, *see* Letter from Salvatore D'Ottavio dated November 11, 1993 ("D'Ottavio Letter") Exh. A., and on June 17, 1993, it was received by the Clerk's Office. *Id.* Exh. B. Then, on July 15, 1993, D'Ottavio was released from the Federal Correctional Institute at Allenwood, Pennsylvania, after completing his five-year term of imprisonment, and began serving a term of mandatory release. Government Response ("Gov't Resp.") Exh. B. On August 19, 1993, the Clerk's Office filed the instant petition.

## DISCUSSION

In order to collaterally attack a sentence under section 2255, a petitioner

must establish that he or she is "in custody in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2255 (1988). In its response, the Government argues that the Court lacks jurisdiction because D'Ottavio's petition was filed approximately one month after his release from prison. In *pro se* cases, however, the Court has jurisdiction with respect to a section 2255 petition so long as the petition was received by the Clerk's Office while the petitioner remained in custody. *See Toliver v. County of Sullivan,* 841 F.2d 41, 42 (2d Cir.1988). In this case, D'Ottavio's petition was received by the Clerk's Office on June 17, 1993, approximately one month prior to his release from prison. Therefore, since D'Ottavio satisfied the "in custody" requirement at that time, jurisdiction was not defeated by his subsequent release from physical custody. *See Carafas v. LaVallee,* 391 U.S. 234, 238, 88 S.Ct. 1556, 1559–60, 20 L.Ed.2d 554 (1968).

█ In any event, actual physical imprisonment is not required, so long as a petitioner suffers from substantial restraints not shared by the public generally. *See, e.g., Hensley v. Municipal Court,* 411 U.S. 345, 351, 93 S.Ct. 1571, 1575, 36 L.Ed.2d 294 (1973); *Crescenzi v. Supreme Court of New York,* 749 F.Supp. 552, 554 (S.D.N.Y.1990); *c.f. Maleng v. Cook,* 490 U.S. 488, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989). In this case, upon his release, D'Ottavio was subject to a term of mandatory release that does not conclude until October 29, 1994. Thus, even at the time his petition was filed by the Clerk's Office, he was still "in custody" within the meaning of the statute. *See United States v. Essig,* 10 F.3d 968, 970 n. 3 (3d Cir.1993) (supervised release meets "in custody" requirement); *see also Jones v. Cunningham,* 371 U.S. 236, 243, 83 S.Ct. 373, 377, 9 L.Ed.2d 285 (1963) (parole meets "in custody" requirement).

█ However, even viewing D'Ottavio's *pro se* petition in a liberal manner, as the Court must, *see Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972) (per curiam); *Onwubiko v. United States,* 969 F.2d 1392, 1397 (2d Cir.1992), it must be dismissed on the merits. It is well-settled that "section 2255 may not be em-ployed to relitigate questions which were raised and considered on direct appeal," *Barton v. United States,* 791 F.2d 265, 267 (2d Cir.1986) (per curiam), or claims considered in a previous § 2255 petition. *See Cabrera v. United States,* 972 F.2d 23, 25 (2d Cir.1992). In this petition, D'Ottavio claims that trial counsel failed to advise him that he could testify as to hearsay statements before the grand jury. While D'Ottavio did not specifically rely on this precise aspect of his counsel's alleged defective performance in his prior petitions, he previously raised claims of ineffective assistance three times: on direct appeal, *see United States v. D'Ottavio,* 888 F.2d 126 (2d Cir.1989), in his first § 2255 petition, *see D'Ottavio,* 91 Civ. 7627, 1991 WL 183358 (S.D.N.Y. September 10, 1991), and in his second § 2255 petition. *See D'Ottavio,* 992 F.2d 319 (2d Cir.1993). All of these claims were rejected. The Court therefore need not address these claims yet again.

█ In any event, D'Ottavio has not demonstrated that counsel's performance fell below "an objective standard of reasonableness" under prevailing professional standards. *Strickland v. Washington,* 466 U.S. 668, 688, 104 S.Ct. 2052, 2064–65, 80 L.Ed.2d 674 (1984). Nor for that matter, has D'Ottavio demonstrated that there is a reasonable probability that, but for the alleged ineffective assistance of counsel, "the result of the proceeding would have been different." *Id.* at 694, 104 S.Ct. at 2068. Indeed, the evidence at trial, which included a number of recorded conversations, clearly established that D'Ottavio had personal knowledge regarding the Bonanno Family's activities. During his grand jury testimony, he repeatedly perjured himself by denying any such knowledge. *See D'Ottavio,* 1991 WL 183358 at *1 (evidence overwhelmingly "established that D'Ottavio knew of a variety of criminal activities conducted by members of the Bonanno Family and lied to the grand jury" with regard thereto).

█ D'Ottavio also claims, for the first time, that his conviction on Count Ten of the Indictment is duplicitous. The "failure to raise a claim on direct appeal is itself a

default of normal appellate procedure, which a defendant can overcome only by showing cause and prejudice." *Campino v. United States*, 968 F.2d 187, 190 (2d Cir.1992). In other words, the failure to raise a claim on direct appeal will preclude its collateral review unless the petitioner can demonstrate cause for failing to raise the issue, and prejudice resulting therefrom. *See United States v. Frady*, 456 U.S. 152, 167–68, 102 S.Ct. 1584, 1594–95, 71 L.Ed.2d 816 (1982).

D'Ottavio has not set forth any reason for his failure to raise this claim on direct appeal, or in his previous two petitions. Moreover, even if D'Ottavio had demonstrated cause, he clearly suffered no actual prejudice resulting therefrom. D'Ottavio's claim that Count 10 is duplicitous is simply based on a misreading of the Indictment. The second page of the Indictment lists twelve areas of inquiry which were material to the grand jury's investigation, not twelve counts of perjury, as D'Ottavio claims. It follows that there is no colorable merit to D'Ottavio's contention that Count Ten is duplicitous because the indictment refers to twelve counts of perjury and sets forth only eleven counts.

Accordingly, for the reasons set forth above, the petitioner's motion to vacate his conviction is denied. The Clerk of the Court is directed to dismiss the petition and close the above-captioned action.

It is **SO ORDERED.**