In the Matter of JACOB GRUDBERG, an Attorney, Respondent.

First Department, November 15, 1935.

*Einar Chrystie,* for the petitioner.

Respondent in person.

MARTIN, P. J. The respondent was admitted to practice as an attorney and counselor at law in the State of New York on June 12, 1911, at a term of the Appellate Division of the Supreme Court, First Department, and has been engaged in practice as such attorney since his admission.

After hearings duly had before an official referee, he has been found guilty of professional misconduct.

In December, 1928, the respondent, having previously been retained in behalf of one Charles Albero who had been arrested on a charge of burglary and had forfeited his bail, consulted one Felix Solomon, known as a " fixer," in relation to the procurement of a suspended sentence or a light sentence of imprisonment in the event that said Albero surrendered to the authorities and pleaded guilty to a lesser crime. Solomon thereafter stated to the respondent that through the use of the influence of his partner, Commissioner Martin J. Healy, who was then a political leader in the city of New York, and who, according to Solomon, had been instrumental in securing the nomination of one of the judges of the Court of General Sessions of the County of New York, he could procure for Albero a sentence by said judge of not more than three years, but that he would have to be paid the sum of four thousand dollars for the services to be rendered in the matter, which sum he would divide with Commissioner Healy as payment for the use of his influence. Thereafter, the sum of four thousand dollars was paid to Solomon in reliance upon the representations above set forth, and the respondent gave to Albero's representative a receipt, of which the following is a copy:

" *December* 17, 1928.

" Received from Mr. Agnostina Lanzetta, the sum of four thousand dollars for services to be rendered through my affiliation. It is understood that if report that these services are not to be successfully rendered is not returned within two weeks then I am to return this four thousand dollars to Mr. Lanzetta less incidental expenses which shall not amount to more than two hundred dollars.

" JACOB GRUDBERG."

Thereafter Solomon gave the respondent twelve hundred dollars of the said sum of four thousand dollars. The only services rendered by the respondent in behalf of Albero consisted of his negotiating with Solomon as above stated and appearing as Albero's attorney in the Court of General Sessions when Albero entered the plea of guilty and when Albero was subsequently sentenced to serve seven years in Sing Sing Prison. No part of the four thousand dollars has ever been repaid to Albero or to his representatives.

There is no substantial dispute concerning the facts. The respondent claims, however, to have been influenced solely by the desire to obtain a mitigation of the punishment to be imposed and to have been misled by his zeal into seeking the aid of Solomon. These contentions are quite incompatible with the respondent's testimony given in this proceeding.

No mitigating circumstances are disclosed in this record and his claim that he acted innocently and in good faith shows the respondent to be, to say the least, a man of considerable audacity, with an absolute lack of appreciation of the duties of an attorney. He is quite fortunate that he has escaped a criminal prosecution.

Justice requires that attention be called to the fact that the claim of Solomon, that he could influence the judge, was false. Independently of any other proof, that was amply established when the defendant in the case received a proper sentence.

The respondent should be disbarred.

McAvoy, O'Malley, Townley and Glennon, JJ., concur.

Respondent disbarred.