In the Matter of J. JEROME OLITT (Admitted as JEROME OLITT), an Attorney, Respondent. ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, Petitioner.

First Department, March 7, 1978

## APPEARANCES OF COUNSEL

*James D. Porter, Jr.,* of counsel *(Saul Friedberg* with him on the brief), for petitioner.

*William L. Darrow* for respondent.

### OPINION OF THE COURT

*Per Curiam.*

Respondent was admitted to the Bar in 1954 in the Second Judicial Department. In 1960, he was suspended from the practice of law for two years. *(Matter of Silver v Olitt,* 10 AD2d 880, and was readmitted in 1962 *Matter of Olitt,* 17 AD2d 843.)

Charges of professional misconduct and conduct prejudicial to the administration of justice in that respondent violated Canons of Professional Ethics (15, 16, 29, 32) in the years 1965 and 1966, were brought and were heard in 1976-1977 before a Referee, Honorable JACOB GRUMET.

The Referee found that in 1965 the respondent representing a builder, sought to have a zoning change application, submitted on behalf of a rival builder, delayed. The respondent thereafter delivered money in cash to a person who claimed he could effect such delay. Respondent denied that the money passed was to be used to influence the decisions of public officials. The respondent was granted immunity and testified in an ongoing investigation before a New York County Grand Jury as to his actions on behalf of his client, and he cooperated fully with the District Attorney and was granted transactional immunity. He was not prosecuted.

The petitioner learned of respondent's misconduct in January, 1970 and began proceedings in 1973.

The Referee in his conclusion stated that the underlying reason for respondent's present situation was his overriding desire to please an important client and thereby enhance and improve his professional relationship with the client, and that this so warped his judgment that he failed to see the hazards of his undertaking. Further, that respondent has practically depleted his family resources because of his involvement in this protracted matter. The Assistant District Attorney has confirmed that respondent's meaningful assistance and extensive co-operation resulted in indictments. The Referee recommended that leniency be extended to the respondent.

The motion by petitioner to confirm the report of the Official Referee finding that the charges of professional misconduct have been sustained by the proof, is granted. Were it not for the full co-operation given by the respondent to the law enforcement authorities, we would disbar the respondent. The findings of the Referee are based upon a first-hand opportunity to make his own observations and judgment on the content and character of the testimony before him, and due weight should be given his recommendation. Therefore, we have determined that the respondent be suspended from practice for a period of three years and until further order of this court. (See *Matter of Freyberg,* 42 AD2d 454, motion for lv to app den 33 NY2d 520, reinstatement 56 AD2d 815.)

KUPFERMAN, J. P., LUPIANO, SILVERMAN, EVANS, and LANE, JJ., concur.

Respondent suspended from practice as an attorney and counselor at law in the State of New York for a period of three years, effective April 7, 1978.