In the Matter of ROBERT J. SALOMON and JAMES I. MYERS, Attorneys, Respondents. BAR ASSOCIATION OF ERIE COUNTY, Petitioner.

In the Matter of ROBERT J. SALOMON, an Attorney, Respondent. BAR ASSOCIATION OF ERIE COUNTY, Petitioner.

Fourth Department, June 2, 1978

### APPEARANCES OF COUNSEL

*David E. Brennan* for petitioner.

*Flaherty & Shea (Thomas P. Flaherty* of counsel), for Robert J. Salomon, respondent.

*Garvey, Magner & Sullivan (Philip H. Magner, Jr.,* of counsel), for James I. Myers, respondent.

### OPINION OF THE COURT

*Per Curiam.*

These are disciplinary proceedings initiated against respondent attorneys Salomon and Myers by the Bar Association of Erie County by a joint petition dated June 7, 1974 and a separate proceeding against respondent Salomon by the same Bar Association by petition dated May 28, 1974. The admitted allegations of the petitions charge that respondents knowingly engaged in fixing traffic tickets in 1971.

The petition against respondent Salomon alleges that one Truckenbrod received a traffic violation summons from the Buffalo Police on April 19, 1971. Truckenbrod retained respondent Salomon to represent him and during the course of that representation respondent inquired whether Truckenbrod wanted him to get the ticket fixed. When Truckenbrod acquiesced, respondent approached one Greco, an acquaintance from high school days who had previously offered to fix tickets, and solicited his help. Greco advised respondent that the payment for fixing the ticket would be $150. Respondent obtained the $150 from Truckenbrod and paid it to Greco. The case was then adjourned in Buffalo City Court and eventually the records were marked "Dismissed w/o prej" with a Judge's purported signature following that notation.

The petition further alleges that on April 25, 1971 Truckenbrod received another summons from the Buffalo Police. Respondent Salomon followed the same procedure except that the payment to Greco on the second occasion was $250. On the return date the matter was adjourned and thereafter the summons was marked "Dism for failure to prosecute" and the purported signature of another City Judge appeared after the notation.

The joint petition against respondents Salomon and Myers alleges that one Carl Marinello received a traffic summons from the Buffalo Police, that he contacted respondent Myers to represent him and that Myers thereafter discussed the disposition of the matter with respondent Salomon. When Marinello subsequently received another summons which jeopardized his driver's license, Salomon, at the request of Myers, contacted Greco and asked whether Marinello's summons "could be fixed". Greco agreed to take care of it for $125.

Salomon informed Myers and Myers obtained the money from Marinello and gave it to Salomon who then paid it over to Greco. Salomon appeared in court with Marinello and adjourned the matter. The Marinello summons was later marked "Dism Emergency" with a Judge's name following. The various City Judges eventually discovered that their names appeared on these dismissed summonses and their complaints led to this investigation. The traffic summonses were reinstated against Truckenbrod and Marinello and they were tried on the traffic charges. Criminal proceedings were initiated against the police officer involved. Salomon and Myers were granted immunity and testified against the officer in his criminal trial.

These proceedings have been delayed several years because the petitions were the subject of prior motions by respondents to dismiss on the grounds that the immunity granted them protected them from disciplinary proceedings. We held that it did not and our order denying the motions to dismiss was subsequently affirmed (*Matter of Anonymous Attorneys,* 41 NY2d 506). In addition, respondents initiated an unsuccessful action in Federal court to enjoin these proceedings (see *Anonymous J. v Bar Assn. of Erie County,* 515 F2d 435, cert den 423 US 840).

The petitions allege that respondents violated section 115.00 of the Penal Law, criminal facilitation in the second degree, a class A misdemeanor; section 100.05 of the Penal Law, criminal solicitation in the second degree, a class A misdemeanor; and section 105.05 of the Penal Law, conspiracy in the third degree, a class A misdemeanor. The petition also alleges that respondents violated the Code of Professional Responsibility, canon 1 (maintaining the integrity of the profession), canon 6 (representing a client competently), canon 7 (representing a client zealously and within the bounds of the law, i.e., DR 7-102 [A] [7]), canon 8 (assisting in improving the legal system) and canon 9 (avoidance of appearance of impropriety). The admitted conduct of respondents is well below the standards set in canons 1, 6, 7, 8 and 9, and prima facie, it appears that respondents committed the enumerated criminal offenses although they are immune to prosecution. Since none of the crimes is a felony, conviction would not have resulted in automatic disbarment in any event. The offenses involve moral turpitude, however, and they strike at the heart of the legal system and compromise the integrity of the police and

the courts and therefore they merit serious punishment (cf. *Matter of Olitt,* 61 AD2d 416; *Matter of Rosenberg,* 276 App Div 268; *Matter of Grudberg,* 245 App Div 486).

In determining the appropriate punishment we consider that respondents have not been subject to any charges of misconduct either before or after these offenses, that the ticket fixing was not done for personal profit but to satisfy their clients and that at the time of the offenses both respondents were in their twenties and newly admitted to the Bar. Nevertheless, their acts were illegal and grossly improper. Respondent Salomon should be suspended from the practice of law for a period of three years and respondent Myers should be suspended from practice for a period of one year.

MARSH, P. J., CARDAMONE, SIMONS, HANCOCK, JR., and WITMER, JJ., concur.

Orders of suspension entered.