**Paul C. JOHNSON, Plaintiff, Appellant,**

v.

**John MORAN, et al.,**
**Defendants, Appellees.**

No. 86–2097.

United States Court of Appeals,
First Circuit.

Submitted Feb. 4, 1987.

Decided Feb. 20, 1987.

Before CAMPBELL, Chief Judge,
TORRUELLA and SELYA, Circuit
Judges.

## MEMORANDUM AND ORDER

The plaintiff requests a certificate of probable cause so that he may proceed with his appeal from the district court's denial of a writ of habeas corpus. He concedes that he has not exhausted his state court remedies but argues that the delay in obtaining a disposition of his state court post-conviction petition has rendered his state court remedies ineffective. He requests that we instruct the district court to retain jurisdiction pending exhaustion.

Approximately nineteen months elapsed between the date that the plaintiff filed his petition in state court and the date of the petition's denial in May 1986. The state court record of proceedings is not before us so whether any interim action occurred is unknown. However, in light of the fact that (1) at the time that the district court reviewed the federal habeas petition, the state superior court had acted, if arguably somewhat tardily, on the state post-conviction petition and (2) it appears from a copy of a Rhode Island Supreme Court order submitted by the plaintiff that that court will soon act on the appeal in that state proceeding, we cannot say that the district court abused its discretion in failing to retain jurisdiction pending exhaustion and we decline to instruct the district court to so retain. *Tinder v. Paula*, 725 F.2d 801, 805 (1st Cir.1984) ("Whether jurisdiction over claim for habeas relief should be retained pending exhaustion of state court remedies is generally a matter within the discretion of the dismissing court"); *cf. Layne v. Gunter*, 559 F.2d 850, 851 (1st Cir.1977), *cert. denied*, 434 U.S. 1038, 98 S.Ct. 776, 54 L.Ed.2d 787 (1978) (permitting petitioner to attack state court conviction via federal habeas corpus review, notwithstanding failure to exhaust state court remedies due to three-year period where direct appeal languished in state court, was not appropriate in this case where state court appeal was subsequently revived and state court appellate processes were presently available to petitioner).

We are aware that our denial of a certificate of probable cause and of the plaintiff's request for an instruction to the district court to retain jurisdiction will likely result in precluding federal collateral review of

any alleged violation of federal rights with respect to the plaintiff's conviction which underlay his post-conviction petition. According to the plaintiff, he was released from prison in December 1985 and his parole terminated in August 1986.

However, "the traditional meaning and purpose of habeas corpus [is] to effect release from illegal custody." *Preiser v. Rodriguez,* 411 U.S. 475, 486 n. 7, 93 S.Ct. 1827, 1834 n. 7, 36 L.Ed.2d 439 (1973). We are not persuaded that the plaintiff necessarily has a right to federal collateral review of his claims, over and above the state collateral review had in this case. *See Hanson v. Circuit Court of First Judicial Circuit,* 591 F.2d 404, 407 (7th Cir.), *cert. denied,* 444 U.S. 907, 100 S.Ct. 220, 62 L.Ed.2d 143 (1979) ("Congress did not authorize the federal courts to be roving commissions to correct all constitutional errors in state criminal proceedings"); *cf. Stone v. Powell,* 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976) (holding that when the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial). Moreover, we have no reason to suspect that the state courts will be unsympathetic to any meritorious federal Constitutional claim.

*Request for certificate of probable cause and for instruction to district court to retain jurisdiction denied.*

*Appeal denied.*