In the Matter of GENE CRESCENZI, a Disbarred Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, March 30, 1989

**APPEARANCES OF COUNSEL**

*Hal R. Lieberman* for petitioner.

*A. Lawrence Washburn, Jr.,* for respondent.

**OPINION OF THE COURT**

Per Curiam.

On April 21, 1988 the court directed that respondent be disbarred, found him guilty of civil and criminal contempt, and referred the matter to the Office of Special Referees to report on a recommended sanction (136 AD2d 386). The basis of our decision was respondent's continuing practice of law after he had been suspended for failing to cooperate with an investigation into serious charges of misconduct against him, including theft of estate moneys. While under suspension respondent continued to represent clients in court, listed himself in the telephone book and on legal stationery as an attorney, and maintained an office where a sign in front of the premises listed him as an attorney. He also refused to permit the Departmental Disciplinary Committee the opportunity to inventory his files, and did not notify any of his clients of his suspension from practice, despite orders of the court.

The Referee has now filed his report, and has concurred with the Departmental Disciplinary Committee's request that respondent be fined $250 for civil contempt, and another $250 for criminal contempt, along with being imprisoned for 30 days. The Referee suggests that a fine alone would be considered the cost of doing business by respondent and would not deter him, and believes that in order to impress him with the seriousness of his misconduct, a period of imprisonment is necessary.

Before the Referee the Departmental Disciplinary Committee submitted proof that respondent, after he was disbarred, had served two affidavits executed on July 7, 1988, and August 23, 1988, opposing a motion for summary judgment in a summary proceeding in Civil Court, New York County, entitled *Banco Fonsecas & Burnas v Longo.* The legal back identified respondent as the attorney for defendant Longo. At the hearing the attorney for Banco Fonsecas also testified to conversations he had with respondent regarding the service of the motion for summary judgment. During one conversation respondent used the words "my client". It is clear that even since his disbarment respondent has continued in his contumacious conduct by practicing law.

Respondent did not testify before the Referee (apparently he asserted his Fifth Amendment privilege), but his attorney argued that he had suffered due to the long period of his suspension. This argument is somewhat disingenuous since

respondent failed to comply with the order of suspension, which is the reason he is now before us on a contempt finding. Respondent also argued that he was a member in good standing of the Federal Bar in the United States District Court for the Eastern District throughout his suspension, although he conceded that he practiced in the State courts on occasion. In a memorandum submitted to this court, he argues essentially that since he was still admitted in the Federal court he could practice in State courts where Federal questions were involved. He also argues that this court lacked jurisdiction and cites *Hicks v Feiock* (485 US 624, 99 L Ed 2d 721), which held that the burden should not be on an alleged contemnor to disprove any of the elements of the offense charged. The California child support statute at issue there created a presumption that a father was in contempt without independent proof that he was unable to pay the support directed by a court order. Here, petitioner established all the necessary elements of respondent's contempt, without the imposition of any burden of proof on respondent.

In light of respondent's continuing and prolonged contumacious conduct, we believe that the Referee's recommendation as to sanctions should be accepted in its entirety. Respondent has ignored every possible caution and order, and has continued to hold himself out as an attorney. For the protection of the public, and because we believe that only a period of imprisonment will have any influence on respondent's continuing conduct, the Referee's report should be adopted, and respondent fined $250 for civil contempt, $250 for criminal contempt, and imprisoned for 30 days. Respondent's motion to set aside the findings of contempt and the Referee's report is denied.

KUPFERMAN, J. P., SULLIVAN, ROSS, ASCH and MILONAS, JJ., concur.

Respondent's motion to reject the report of the Special Referee, set aside the order of disbarment, and for other related relief, unanimously denied, and the sanctions recommended by the Referee adopted, and respondent fined $250 for civil contempt, $250 for criminal contempt, and ordered to serve a term of imprisonment of 30 days for such contempt.