In the Matter of J. JEROME OLITT, a Disbarred Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, August 16, 1990

## APPEARANCES OF COUNSEL

*Richard M. Maltz* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Frederick H. Block* for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent was suspended in 1978 for three years and until the further order of this court, based on charges of professional misconduct and conduct prejudicial to the administration of justice (61 AD2d 416). He never applied for reinstatement. However, he brought a proceeding in the Federal court to establish that he was not precluded from Federal practice by virtue of the State court suspension. While his complaint there was dismissed, it was indicated that our suspension was not conclusive as to practice in the Federal jurisdiction. *(See, Olitt v Murphy,* 453 F Supp 354, *affd* 591 F2d 1331 [unpublished mem], *cert denied* 444 US 825.)

After a complaint, investigation by the Departmental Disciplinary Committee (DDC) showed that the respondent was practicing law in violation of his suspension order. Respondent contended that he was appearing for a brokerage house in which he had an interest and that in his other activities his practice was limited to securities matters.

The Hearing Panel of the DDC rejected respondent's claim that his practice since his suspension had been solely limited to "Federal" matters and recommended that he be disbarred. In March 1989, he was disbarred *(Matter of Olitt,* 145 AD2d 273) and the respondent was held in civil and criminal contempt and the matter referred to the Honorable Emilio Nunez to "hear and report" with respect to the imposition of sanctions relative to the contempt charge.

In his written report, Referee Nunez recommended a fine of $250 for criminal contempt and $250 for civil contempt, the maximum fine permitted at the time of the contempt, pursuant to Judiciary Law §§ 751 and 753 (although here not applicable, the maximum fine permitted for criminal contempt has since been increased to $1,000).

The DDC contends that in addition to the fine, there should be imprisonment for 30 days, as permitted by section 751 of the Judiciary Law, citing *Matter of Crescenzi* (146 AD2d 86).

We find the actions of the respondent not as egregious as those in the *Crescenzi* case *(supra)* and, accordingly, the Referee's report should be adopted and the respondent fined $250 for civil contempt and $250 for criminal contempt, and the respondent's motion to confirm the Referee's report granted, and the petitioner's cross motion to increase the penalty to include incarceration for 30 days denied.

MURPHY, P. J., KUPFERMAN, MILONAS, ROSENBERGER and ELLERIN, JJ., concur.

Respondent's motion to confirm the Referee's report is granted; the report of the Honorable Emilio Nunez, dated January 22, 1990 is adopted; respondent is fined $250 for civil contempt and $250 for criminal contempt; and petitioner's cross motion to increase the penalty is denied.