Gene CRESCENZI, Petitioner,

v.

**SUPREME COURT OF the STATE OF NEW YORK, Respondent.**

No. 89 Civ. 2569 (JES).

United States District Court, S.D. New York.

Oct. 30, 1990.

See also, 146 A.D.2d 86, 539 N.Y.S.2d 18.

A. Lawrence Washburn, Jr., Deer Park, N.Y. (A. Lawrence Washburn, Jr., of counsel), for petitioner.

Robert Abrams, Atty. Gen., State of N.Y., New York City, (Vida M. Alvy, Asst. Atty. Gen., of counsel), for respondent.

## MEMORANDUM OPINION AND ORDER

SPRIZZO, District Judge:

The above-captioned habeas corpus petition, filed pursuant to 28 U.S.C. § 2254 (1988), was referred to Magistrate Naomi Reice Buchwald for a report and recommendation and the Magistrate recommended that the petition be dismissed. For the reasons that follow, the report is adopted insofar as it recommends that the petition be dismissed because petitioner has concededly failed to exhaust available state remedies.

## BACKGROUND

The facts relevant to the determination of this action are set forth in the Magistrate's report and are briefly summarized here. On January 5, 1955, petitioner was admitted to the practice of law in the state of New York. However, on April 21, 1988, the petitioner was disbarred by the Appellate Division, First Department, for non-compliance with its prior order indefinitely suspending petitioner from practicing law in New York and for disobedience of other orders. *See In re Crescenzi*, 136 A.D.2d 386, 527 N.Y.S.2d 221 (1st Dep't 1988). Furthermore, the Appellate Division found the petitioner guilty of civil and criminal contempt based on this non-compliance and referred the question of sanctions to a special referee. *Id.*

Petitioner then moved in the New York Court of Appeals for leave to appeal the

April 21, 1988 contempt finding. The Departmental Disciplinary Committee ("DDC") moved to dismiss the appeal and petitioner cross-moved for a stay of the Appellate Division's order. The DDC's motion was granted because the Appellate Division's ruling on the contempt issue was not a final determination and because the challenge to petitioner's disbarment did not present a substantial constitutional question. The motion for a stay was dismissed as academic.[1] *See* 72 N.Y.2d 906, 528 N.E.2d 1225, 532 N.Y.S.2d 752 (1988). Petitioner also sought leave to appeal an order of the Appellate Division denying his motion for reargument. That motion was also denied. *See* 72 N.Y.2d 906, 528 N.E.2d 1225, 532 N.Y.S.2d 752 (1988). Similarly, petitioner sought and was denied reargument of the Court of Appeals' decisions. *See* 72 N.Y.2d 953, 529 N.E.2d 428, 533 N.Y.S.2d 60 (1988). Thereafter, on January 5, 1989, the referee recommended that petitioner be fined $250 for civil contempt, $250 for criminal contempt and imprisoned for thirty days. The Appellate Division adopted this recommendation in its entirety on March 30, 1989. *See In re Crescenzi*, 146 A.D.2d 86, 539 N.Y.S.2d 18 (1st Dep't 1989). On April 5, 1989, petitioner filed a notice of appeal of the Appellate Division's March 30, 1989 order.

On April 17, 1989, petitioner filed this petition for habeas corpus contesting his contempt conviction and on April 27, 1989 began serving the thirty day sentence.[2] On May 1, 1989, petitioner filed an amended petition and submitted an application for release on bail pending determination of his petition. The bail question was referred to Magistrate Buchwald who recommended that the application be denied. The Court adopted this recommendation on May 22, 1989. Shortly thereafter, petitioner was unconditionally released from custody.

On July 31, 1989, the Magistrate issued the report and recommendation presently under review in which she recommended that the petition be dismissed as moot because petitioner had been unconditionally released from custody and alternatively because petitioner had failed to exhaust available state remedies. Thereafter, petitioner filed his objections to the report in which he conceded that he had not exhausted his state remedies to contest the contempt sanctions but argued that the Court should retain jurisdiction over the petition pending completion of the state proceedings.

## DISCUSSION

■ Under 28 U.S.C. § 2254, a habeas petitioner must establish that he is "in custody in violation of the Constitution or laws ... of the United States." *See* 28 U.S.C. § 2254(a) (1988). However, a petitioner need not actually be imprisoned to meet the "in custody" requirement, and may satisfy this requirement if he presently suffers from substantial restraints not shared by the public generally. *See, e.g., Hensley v. Municipal Court*, 411 U.S. 345, 351, 93 S.Ct. 1571, 1574–75, 36 L.Ed.2d 294 (1973) (release on own recognizance); *Jones v. Cunningham*, 371 U.S. 236, 243, 83 S.Ct. 373, 377, 9 L.Ed.2d 285 (1963) (parole). Moreover, once the petitioner has satisfied the "in custody" requirement, jurisdiction is not thereafter defeated by petitioner's subsequent release from custody. *See Carafas v. LaValle*, 391 U.S. 234, 238, 88 S.Ct. 1556, 1559–60, 20 L.Ed.2d 554 (1968). It is clear therefore that since petitioner began serving his sentence for contempt on April 27, 1989, he satisfied the "in custody" requirement at the time he filed his amended petition on May 1, 1989.

■ Moreover, his petition was not rendered moot by petitioner's subsequent release from custody because a contempt conviction is presumed to carry sufficient collateral consequences to create an actual controversy between the parties. *See United States v. Martin–Trigona*, 759 F.2d

---

1. The Court of Appeals also denied petitioner's motion for leave to appeal on the same grounds at a later date. *See* 73 N.Y.2d 784, 533 N.E.2d 671, 536 N.Y.S.2d 741 (1988).

2. Earlier, on April 6, 1989, the New York State Court of Appeals (Simons, J.) denied an application to stay execution of the sentence as did the United States Supreme Court (Marshall, J.) on April 13, 1989.

1017, 1024 (2d Cir.1985); *see also Leonard v. Hammond*, 804 F.2d 838, 842 (4th Cir. 1986) (in light of short period of confinement, contempt conviction not moot because it is "capable of repetition yet evading review").[3]

However, under § 2254(b)[4] the petitioner must still exhaust available state remedies before seeking relief in federal court and a petition including unexhausted claims must be dismissed. *See Rose v. Lundy*, 455 U.S. 509, 510, 102 S.Ct. 1198, 1199, 71 L.Ed.2d 379 (1982). Furthermore, absent special circumstances, the Court may not retain jurisdiction pending resort to the state courts for that purpose. *See Slayton v. Smith*, 404 U.S. 53, 54, 92 S.Ct. 174, 174–75, 30 L.Ed.2d 209 (1971) (per curiam). In this case, petitioner admits that he has not exhausted his state remedies but argues, however, that special circumstances warranting retention of jurisdiction are present because if the Court dismisses his petition, a subsequent habeas petition challenging his conviction would be dismissed for failure to meet the "in custody" requirement at that time. *See Maleng, supra*, 109 S.Ct. at 1925–26; *see supra* n. 3.

Petitioner will not be able to satisfy the "in custody" requirement in a subsequent habeas action challenging the contempt finding. That circumstance, however, does not justify the retention of habeas corpus jurisdiction. *See Johnson v. Moran*, 812 F.2d 23, 24 (1st Cir.1987). A writ of habeas corpus "has been limited to cases of special urgency, leaving more conventional remedies for cases in which the restraints on liberty are neither severe nor immediate." *Hensley, supra* 411 U.S. at 351, 93 S.Ct. at 1574–75; *see Preiser v. Rodriguez*, 411 U.S. 475, 498–500, 93 S.Ct. 1827, 1840–1842, 36 L.Ed.2d 439 (1973). It

follows that the writ is not designed to assure petitioner of a federal forum for collateral attack upon his conviction where the exhaustion of state remedies does not take place until after he has been released from custody. *See Johnson, supra*, 812 F.2d at 24; *see also Hanson v. Circuit Court of First Judicial Circuit*, 591 F.2d 404, 407 (7th Cir.), *cert. denied*, 444 U.S. 907, 100 S.Ct. 220, 62 L.Ed.2d 143 (1979) (federal courts are not given "roving commissions to correct all constitutional errors in state criminal proceedings"). This is especially true where, as here, petitioner has a remedy to redress any claimed deprivation of his constitutional rights in a damage action pursuant to 42 U.S.C. § 1983. *See Preiser, supra*, 411 U.S. at 489–90, 93 S.Ct. at 1836–37; *Mack v. Varelas*, 835 F.2d 995, 998 (2d Cir.1987); *Williams v. Ward*, 556 F.2d 1143, 1150 (2d Cir.), *cert. dismissed*, 434 U.S. 944, 98 S.Ct. 469, 54 L.Ed.2d 323 (1977).

### CONCLUSION

Accordingly, the above-captioned petition for habeas corpus shall be and hereby is dismissed. The Clerk of the Court is directed to close the above-captioned action.

It is SO ORDERED.

---

**3.** However, where a petitioner has been released from custody prior to filing his habeas petition, collateral consequences alone are insufficient to satisfy the "in custody" requirement. *See Maleng v. Cook*, 490 U.S. 488, 109 S.Ct. 1923, 1925–26, 104 L.Ed.2d 540 (1989).

**4.** Section 2254(b) provides in pertinent part that "[a]n application for a writ of habeas corpus ... shall not be granted unless it appears that the

applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b) (1988). The Supreme Court has held that the exhaustion requirement is not jurisdictional in nature and in limited situations may be waived. *See Castille v. Peoples*, 489 U.S. 346, 349, 109 S.Ct. 1056, 1059, 103 L.Ed.2d 380 (1989); *Granberry v. Greer*, 481 U.S. 129, 131, 107 S.Ct. 1671, 1673–74, 95 L.Ed.2d 119 (1987).