**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Dennis H. JONES, Defendant–Appellant.**

No. 97–3766.

United States Court of Appeals,
Seventh Circuit.

Submitted June 10, 1998.

Decided July 23, 1998.

K. Tate Chambers, Office of the United States Attorney, Peoria, IL, for Plaintiff–Appellee.

George F. Taseff, Office of the Federal Public Defender, Preoria, IL, for Defendant–Appellant.

Before ESCHBACH, EASTERBROOK, and MANION, Circuit Judges.

EASTERBROOK, Circuit Judge.

When the police arrived at the house in Peoria from which Dennis Jones routinely sold cocaine, one team approached the front door and another the back door. The officers had a warrant to search not only the house but also Jones's person for drugs. The back-door team found Jones leaving the back porch and took him into custody on the back lawn, finding crack cocaine in his pockets. The front-door team knocked on the door, shouted "Police, search warrant", and

broke the door with a battering ram when the living room's occupant, Raymond Cook, did not respond to the demand for entry. Police found more drugs inside, but the indictment was confined to the drugs found on Jones's person. He asked the court to suppress this evidence and, after the motion was denied, pleaded guilty to possessing cocaine base with intent to distribute and was sentenced to 60 months' imprisonment. With the court's approval, Jones reserved an opportunity to appeal from the denial of the motion to suppress. See Fed.R.Crim.P. 11(a)(2).

The district court denied the motion for two reasons: first, that Jones lacked a privacy interest in the interior of the house; second, that the police complied with the statutory (18 U.S.C. § 3109) and constitutional (*Wilson v. Arkansas,* 514 U.S. 927, 115 S.Ct. 1914, 131 L.Ed.2d 976 (1995)) requirement that entry usually be preceded by announcement and an opportunity to open doors voluntarily. (Cases such as *United States v. Ramirez,* — U.S. —, 118 S.Ct. 992, 140 L.Ed.2d 191 (1998), elaborate on the "usually" qualification.) The district judge held that Jones, who did not live in the house or store any belongings there, lacked a privacy interest in the premises (and therefore lacked "standing", in the special sense that term has in fourth amendment jurisprudence), even though he used the house as a base of operations. Whether this approach is correct may be resolved by *Minnesota v. Carter,* cert. granted, — U.S. —, 118 S.Ct. 1183, 140 L.Ed.2d 315 (1998), a similar case. We need not try to anticipate the Supreme Court's decision—or for that matter address the question whether the officers gave adequate notice of their demand for entry—because Jones founders on a more basic requirement: causation. He has not established that the actions of the front-door team led to the seizure of which he complains, because by the time the front-door team entered he was already in the custody of the back-door team.

■ Jones believes that the sequence of events is irrelevant because the back porch is part of the house's "curtilage." What this has to do with causation is mysterious. The police found and seized him, discovering the drugs, independently of the front-door team's activities. What is more, the premise is wrong. *United States v. Santana,* 427 U.S. 38, 96 S.Ct. 2406, 49 L.Ed.2d 300 (1976), holds that police who espy a suspect in the frame of a front door have found the suspect in a "public place" and therefore may follow the suspect into the interior of the house as part of "hot pursuit" even without a warrant. Under *Santana* the officers could have followed Jones from the porch into the house without pausing to knock at the door; the actual events, with the seizure effected outside, cannot be thought objectionable. Suppose the police had unlawfully searched Jones's own home at the same time they arrested him on the lawn of someone else's; that illegal search would not have justified suppression of the evidence seized from his person. Just so here.

■ A causal link between unlawful police conduct and a seizure is necessary but not sufficient to justify the exclusion of reliable evidence. The inevitable discovery doctrine, see *Nix v. Williams,* 467 U.S. 431, 104 S.Ct. 2501, 81 L.Ed.2d 377 (1984), and the independent source doctrine, see *Segura v. United States,* 468 U.S. 796, 813–16, 104 S.Ct. 3380, 82 L.Ed.2d 599 (1984), show that violations of the fourth amendment do not automatically lead to suppression even when the constitutional wrong plays a causal role in the seizure (at least, in the *timing* of the seizure). Because the exclusionary rule "detracts from the truthfinding process and allows many who would otherwise be incarcerated to escape the consequences of their actions", *Pennsylvania Board of Probation and Parole v. Scott,* — U.S. —, —, 118 S.Ct. 2014, 141 L.Ed.2d 344 (1998), the Supreme Court is unwilling to sanction its use in marginal cases. See also *United States v. Leon,* 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984). *Wilson* reserved the question whether (and, if so, how) the inevitable-discovery and independent-source exceptions to the exclusionary rule apply to searches deemed unreasonable only because officers armed with a warrant failed to make a proper announcement at the door. 514 U.S. at 937 n. 4, 115 S.Ct. 1914. It is hard to

understand how the discovery of evidence inside a house could be anything but "inevitable" once the police arrive with a warrant; an occupant would hardly be allowed to contend that, had the officers announced their presence and waited longer to enter, he would have had time to destroy the evidence. See *Segura*, 468 U.S. at 816, 104 S.Ct. 3380. But because the entry at the front door played no role in the chain of events leading to Jones's seizure on the lawn, we, too, can leave the inevitable-discovery question for another day.

Affirmed.