**Omil ARROYO, Petitioner, Appellant,**

v.

**UNITED STATES of America,
Respondent, Appellee.**

No. 98–1957.

United States Court of Appeals,
First Circuit.

Heard Oct. 6, 1999.

Decided Oct. 22, 1999.

Stephen R. Kaplan, by appointment of the court, for petitioner.

Donald C. Lockhart, Assistant United States Attorney, with whom Margaret E. Curran, United States Attorney, and Richard W. Rose, Assistant United States Attorney, were on brief for the United States.

Before BOUDIN, Circuit Judge, CYR, Senior Circuit Judge, and LYNCH, Circuit Judge.

BOUDIN, Circuit Judge.

In 1995, Omil Arroyo was convicted by a jury and subsequently sentenced to 151 months in prison for possession with intent to deliver over 50 grams of cocaine base and over 500 grams of cocaine, in violation of 21 U.S.C. § 841(a)(1). His conviction was based in part on drugs and paraphernalia seized from an apartment leased by Arroyo and evidently used by him and his confederates to manufacture and store crack cocaine. On direct appeal, Arroyo challenged the sufficiency of the evidence and his sentence, but we affirmed. *See United States v. Arroyo*, 125 F.3d 842, 1997 WL 597999 (1st Cir.1997) (*per curiam*) (unpublished opinion), *cert. denied*, 522 U.S. 1063, 118 S.Ct. 726, 139 L.Ed.2d 665 (1998).

In February 1998, Arroyo filed a motion for post-conviction relief under 28 U.S.C. § 2255. Arroyo claimed that he was denied effective assistance of counsel in violation of the Sixth Amendment because of his attorney's failure at trial to challenge the reasonableness of the apartment search on Fourth Amendment grounds and his attorney's further failure to challenge the severity of the sentence. In July 1998, the district court denied the petition, as well as Arroyo's motion for a certificate of appealability. We then granted Arroyo the certificate, limited to counsel's failure to raise the Fourth Amendment challenge.

■ In *Stone v. Powell*, 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976), the Supreme Court said that habeas corpus relief to challenge a state conviction could not be based solely on a Fourth Amendment violation because such evidence re-

mains reliable and any increase in deterrence effected by the exclusionary rule would be slight. The government says that the same limitation must apply to relief under section 2255, the statutory counterpart to habeas relief for federal prisoners. Although this issue has not squarely been decided by the Supreme Court or in this circuit,[1] Arroyo bases his attack here on the Sixth Amendment, and we similarly limit our concern to whether counsel was incompetent in failing to pursue the Fourth Amendment issue.

■ Under *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), counsel is not incompetent merely because he may not be perfect. In real life, there is room not only for differences in judgment but even for mistakes, which are almost inevitable in a trial setting, so long as their quality or quantity do not mark out counsel as incompetent. Thus the initial inquiry here is whether the Fourth Amendment objection was so obvious and promising that no competent lawyer could have failed to pursue it. (If incompetence were shown, it would still be necessary to show prejudice. *See Kimmelman v. Morrison,* 477 U.S. 365, 381–82, 106 S.Ct. 2574, 91 L.Ed.2d 305 (1986)).

It is common ground that Arroyo's apartment was searched pursuant to a valid search warrant, and Arroyo does not deny the existence of probable cause; rather, he disputes the *manner* by which entrance to the apartment was achieved. It appears that after the police knocked and received no response, a battering ram was used to knock the door loose, causing some damage to the door or door frame. The use of battering rams is fairly common in drug cases. *E.g., United States v. Jones,* 149 F.3d 715, 715–16 (7th Cir.1998); *Haygood v. Johnson,* 70 F.3d 92, 94 (11th

Cir.) (*per curiam*), *cert. denied,* 519 U.S. 949, 117 S.Ct. 359, 136 L.Ed.2d 251 (1996).

Arroyo's argument is that prior to executing the warrant, the police had arrested Arroyo and others at another location and taken from Arroyo a key ring containing nine keys. Since the police knew they were to search Arroyo's apartment, he argues that the reasonable method of search would have been to try the keys and enter the apartment in that manner. (After the entry, the keys were in fact tried and one of them worked the lock.) The Fourth Amendment's reasonableness requirement has been taken to extend to the manner of entry and search. *E.g., United States v. Ramirez,* 523 U.S. 65, 71, 118 S.Ct. 992, 140 L.Ed.2d 191 (1998); *Richards v. Wisconsin,* 520 U.S. 385, 395 n. 5, 117 S.Ct. 1416, 137 L.Ed.2d 615 (1997).

The government responds, as one might expect, that there is normally good reason to act swiftly in drug searches. Within the apartment there may be defendants who ignore the knock and proceed to destroy evidence, flee through windows or other exits, or prepare to shoot at the police as they enter. These concerns have been so far recognized that they may sometimes justify entry without a prior knock and announcement. *See Richards v. Wisconsin,* 520 U.S. 385, 394, 117 S.Ct. 1416, 137 L.Ed.2d 615 (1997). On this premise the government argues that the police did not have to try nine keys (none of which might have proved to be the right key) in order to effect a reasonable entry. As it turned out, nobody was in the apartment when the police entered it, but the police could not know this in advance.

With some ingenuity, Arroyo's counsel counters by pointing out that in *Richards,* 520 U.S. at 394, 117 S.Ct. 1416, the Court held that before the police can dispense

---

1. The Supreme Court has hinted that *Stone v. Powell* applies to section 2255 petitions, *see United States v. Johnson,* 457 U.S. 537, 562 n. 20, 102 S.Ct. 2579, 73 L.Ed.2d 202 (1982), and at least two circuits have so determined, *see United States v. Cook,* 997 F.2d 1312, 1317

(10th Cir.1993); *United States v. Hearst,* 638 F.2d 1190, 1196 (9th Cir.), *cert. denied,* 451 U.S. 938, 101 S.Ct. 2018, 68 L.Ed.2d 325 (1981). However, we previously reserved the issue and, once again, need not decide it.

with the ordinary knock and announce requirement, they must have a "reasonable suspicion" that making their presence known would be dangerous, futile, or damaging to their investigation. In this case, Arroyo does not dispute the government's contention that the knock and announce rule was complied with;[2] but Arroyo says that the same rationale ought to require the police to try keys already in their possession unless they have a "reasonable suspicion" that there may be someone within to destroy evidence, flee or threaten the lives of the police.

Without conceding the analogy, the government says that in this case the surrounding circumstances did create such a reasonable suspicion that others might be within, since there was reason to believe that other persons were involved with Arroyo's drug activities and that Arroyo was conducting a fairly large scale operation involving multiple locations. One could argue about the inferences to be drawn and, since the issue was never litigated, it is far from clear that we have all the facts that might support or undermine a claim of reasonable suspicion.

It is sufficient that the Sixth Amendment argument made by Arroyo's present counsel is more a tribute to his own insight and imagination than anything approaching proof that trial counsel was incompetent in failing to make such arguments himself. Challenging the method of entry rather than the existence of probable cause is itself unusual; and the idea that the police had some obligation to try nine different keys to enter a suspected drug scene would not occur to most judges or lawyers, let alone to police officers in the course of a raid. Only the use of *Richards* as the basis for a rather clever argument provides any hope of converting the sow's ear into a silk purse.

There is thus no basis for thinking that trial counsel was incompetent in failing to

seek to suppress the fruits of the search on the ground now suggested. We leave for another day the interesting issues that may arise from too ready resort to battering rams. It is also unnecessary for us to consider the government's inevitable discovery argument or its suggestion that we adopt the Seventh Circuit's rule in *Holman v. Page,* 95 F.3d 481, 490–92 (7th Cir.1996), *cert. denied,* 520 U.S. 1254, 117 S.Ct. 2414, 138 L.Ed.2d 179 (1997), that counsel's failure to make a Fourth Amendment claim can never meet the prejudice prong of a Sixth Amendment claim as delineated by *Strickland.*

*Affirmed.*

**2.** The record does not affirmatively show that the police, in addition to knocking, also announced their presence; but the government earlier represented that the announcement occurred, and this issue has not been pursued by Arroyo on appeal.