USCA1 Opinion

 

 United States Court of Appeals
 For the First Circuit

No. 98-1957

 OMIL ARROYO,

 Petitioner, Appellant,

 v.

 UNITED STATES OF AMERICA,

 Respondent, Appellee.

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF RHODE ISLAND

 [Hon. Ronald R. Lagueux, U.S. District Judge]

 Before

 Boudin, Circuit Judge,
 
 Cyr, Senior Circuit Judge,
 
 and Lynch, Circuit Judge.
 
 
 
 
 Stephen R. Kaplan, by appointment of the court, for
petitioner.
 Donald C. Lockhart, Assistant United States Attorney, with
whom Margaret E. Curran, United States Attorney, and Richard W.
Rose, Assistant United States Attorney, were on brief for the
United States.

October 22, 1999

 
 

 BOUDIN, Circuit Judge. In 1995, Omil Arroyo was
convicted by a jury and subsequently sentenced to 151 months in
prison for possession with intent to deliver over 50 grams of
cocaine base and over 500 grams of cocaine, in violation of 21
U.S.C. 841(a)(1). His conviction was based in part on drugs and
paraphernalia seized from an apartment leased by Arroyo and
evidently used by him and his confederates to manufacture and store
crack cocaine. On direct appeal, Arroyo challenged the sufficiency
of the evidence and his sentence, but we affirmed. See United
States v. Arroyo, 125 F.3d 842 (1st Cir. 1997) (per curiam)
(unpublished opinion), cert. denied, 118 S. Ct. 726 (1998). 
 In February 1998, Arroyo filed a motion for post-
conviction relief under 28 U.S.C. 2255. Arroyo claimed that he
was denied effective assistance of counsel in violation of the
Sixth Amendment because of his attorney's failure at trial to
challenge the reasonableness of the apartment search on Fourth
Amendment grounds and his attorney's further failure to challenge
the severity of the sentence. In July 1998, the district court
denied the petition, as well as Arroyo's motion for a certificate
of appealability. We then granted Arroyo the certificate, limited
to counsel's failure to raise the Fourth Amendment challenge.
 In Stone v. Powell, 428 U.S. 465 (1976), the Supreme
Court said that habeas corpus relief to challenge a state
conviction could not be based solely on a Fourth Amendment
violation because such evidence remains reliable and any increase
in deterrence effected by the exclusionary rule would be slight. 
The government says that the same limitation must apply to relief
under section 2255, the statutory counterpart to habeas relief for
federal prisoners. Although this issue has not squarely been
decided by the Supreme Court or in this circuit, Arroyo bases his
attack here on the Sixth Amendment, and we similarly limit our
concern to whether counsel was incompetent in failing to pursue the
Fourth Amendment issue.
 Under Strickland v. Washington, 466 U.S. 668 (1984),
counsel is not incompetent merely because he may not be perfect. 
In real life, there is room not only for differences in judgment
but even for mistakes, which are almost inevitable in a trial
setting, so long as their quality or quantity do not mark out
counsel as incompetent. Thus the initial inquiry here is whether
the Fourth Amendment objection was so obvious and promising that no
competent lawyer could have failed to pursue it. (If incompetence
were shown, it would still be necessary to show prejudice. See
Kimmelman v. Morrison, 477 U.S. 365, 381-82 (1986)). 
 It is common ground that Arroyo's apartment was searched
pursuant to a valid search warrant, and Arroyo does not deny the
existence of probable cause; rather, he disputes the manner by
which entrance to the apartment was achieved. It appears that
after the police knocked and received no response, a battering ram
was used to knock the door loose, causing some damage to the door
or door frame. The use of battering rams is fairly common in drug
cases. E.g., United States v. Jones, 149 F.3d 715, 715-16 (7th
Cir. 1998); Haygood v. Johnson, 70 F.3d 92, 94 (11th Cir.) (per
curiam), cert. denied, 519 U.S. 949 (1996).
 Arroyo's argument is that prior to executing the warrant,
the police had arrested Arroyo and others at another location and
taken from Arroyo a key ring containing nine keys. Since the
police knew they were to search Arroyo's apartment, he argues that
the reasonable method of search would have been to try the keys and
enter the apartment in that manner. (After the entry, the keys
were in fact tried and one of them worked the lock.) The Fourth
Amendment's reasonableness requirement has been taken to extend to
the manner of entry and search. E.g., United States v. Ramirez,
523 U.S. 65, 71 (1998); Richards v. Wisconsin, 520 U.S. 385, 395
n.5 (1997).
 The government responds, as one might expect, that there
is normally good reason to act swiftly in drug searches. Within
the apartment there may be defendants who ignore the knock and
proceed to destroy evidence, flee through windows or other exits,
or prepare to shoot at the police as they enter. These concerns
have been so far recognized that they may sometimes justify entry
without a prior knock and announcement. See Richards v. Wisconsin,
520 U.S. 385, 394 (1997). On this premise the government argues
that the police did not have to try nine keys (none of which might
have proved to be the right key) in order to effect a reasonable
entry. As it turned out, nobody was in the apartment when the
police entered it, but the police could not know this in advance.
 With some ingenuity, Arroyo's counsel counters by
pointing out that in Richards, 520 U.S. at 394, the Court held that
before the police can dispense with the ordinary knock and announce
requirement, they must have a "reasonable suspicion" that making
their presence known would be dangerous, futile, or damaging to
their investigation. In this case, Arroyo does not dispute the
government's contention that the knock and announce rule was
complied with; but Arroyo says that the same rationale ought to
require the police to try keys already in their possession unless
they have a "reasonable suspicion" that there may be someone within
to destroy evidence, flee or threaten the lives of the police.
 Without conceding the analogy, the government says that
in this case the surrounding circumstances did create such a
reasonable suspicion that others might be within, since there was
reason to believe that other persons were involved with Arroyo's
drug activities and that Arroyo was conducting a fairly large scale
operation involving multiple locations. One could argue about the
inferences to be drawn and, since the issue was never litigated, it
is far from clear that we have all the facts that might support or
undermine a claim of reasonable suspicion.
 It is sufficient that the Sixth Amendment argument made
by Arroyo's present counsel is more a tribute to his own insight
and imagination than anything approaching proof that trial counsel
was incompetent in failing to make such arguments himself. 
Challenging the method of entry rather than the existence of
probable cause is itself unusual; and the idea that the police had
some obligation to try nine different keys to enter a suspected
drug scene would not occur to most judges or lawyers, let alone to
police officers in the course of a raid. Only the use of Richards
as the basis for a rather clever argument provides any hope of
converting the sow's ear into a silk purse.
 There is thus no basis for thinking that trial counsel
was incompetent in failing to seek to suppress the fruits of the
search on the ground now suggested. We leave for another day the
interesting issues that may arise from too ready resort to
battering rams. It is also unnecessary for us to consider the
government's inevitable discovery argument or its suggestion that
we adopt the Seventh Circuit's rule in Holman v. Page, 95 F.3d 481,
490-92 (7th Cir. 1996), cert. denied, 520 U.S. 1254 (1997), that
counsel's failure to make a Fourth Amendment claim can never meet
the prejudice prong of a Sixth Amendment claim as delineated by
Strickland. 
 Affirmed.