Israel SANTIAGO–LUGO, Petitioner,

v.

UNITED STATES of America,
Respondent.

No. Civ. 99–1504(JAF),
No. Crim. 95–029.

United States District Court,
D. Puerto Rico.

Jan. 23, 2001.

Israel Santiago–Lugo, Leavenworth, KS, Pro se.

Matthew H. Thomas, U.S. Attorney's Office, Criminal Division, San Juan, PR, Lena Watkins, U.S. Department of Justice, Washington, DC, for Defendants.

## OPINION AND ORDER

FUSTE, District Judge.

On June 26, 2000, this court denied Petitioner Israel Santiago–Lugo's application for writ of habeas corpus. Petitioner now moves for us to reconsider our Opinion and Order.

## I.

### Factual and Procedural Synopsis

On April 17, 1996, we sentenced Petitioner to life imprisonment for violating 21 U.S.C. §§ 848(a), (b), and (c) (1988), 841(a)(1) (1999), and 853 (1988), as well as 18 U.S.C. §§ 2 (1986), 982 (1998), and 1957 (1999), during his involvement in a narcotics conspiracy. Petitioner appealed his conviction, and the United States Court of Appeals for the First Circuit affirmed the sentence on February 3, 1999.

On May 12, 1999, Petitioner filed a motion for this court to correct his sentence pursuant to 28 U.S.C. § 2255 (1994). In it, Petitioner claimed that: (1) he received ineffective assistance of counsel; (2) we erred in failing to correct his criminal judgment pursuant to FED.R.CRIM.P. 35(c); (3) the First Circuit lacked jurisdiction over his appeal; (4) we committed reversible error by allowing the government to use illegally-obtained evidence; (5) the prosecutor committed misconduct; (6) we abused our discretion by allowing a constructive amendment of the superseding indictment; (7) the evidence was insufficient to support a conviction for Count II, the continuing criminal enterprise count; (8) we committed reversible error in the jury instructions; (9) the indictment suffered from multiplicity; (10) certain forfeiture counts did not apply to him; and (11) this court committed misconduct at trial.

On June 26, 2000, we denied Petitioner's motion. In reaching our holding, we found that: (1) Petitioner's attorney, Mr. Humberto Ramírez–Ferrer, had no conflict of interest at trial; (2) Petitioner's other attorney, Mr. Erick Morales, had exercised reasonable professional judgment during trial; (3) we properly corrected the judgment pursuant to FED.R.CIV.P. 36; (4) the First Circuit had jurisdiction over Petitioner's appeal because his judgment was final; (5) the Prosecutor's remarks to the jury were not improper; (6) the evidence presented at Petitioner's trial supported the charges for which he was indicted and, thus, there was no constructive amendment of the indictment; (7) the drug-trafficking related transactions for which the jury found Petitioner guilty satisfied the continuing series requirement of 21 U.S.C. § 848; (8) there was sufficient evidence to support the jury's finding that Petitioner was a leader of the criminal enterprise, even though he may not have been at its apex; (9) Petitioner could not base his section 2255 motion on faulty jury instructions and that, in any case, the jury instructions were proper; (10) Petitioner incorrectly argued multiplicity in his motion; (11) Petitioner failed to argue his forfeiture argument on appeal, or show cause and prejudice to excuse this failure; and

(12) we did not engage in misconduct as alleged by Petitioner and, even if Petitioner's factual allegations with regard to same were true, our purported behavior at trial would not merit a mistrial.

Petitioner now moves for us to reconsider our denial of his application for a writ of habeas corpus. Petitioner largely reiterates the arguments which he first forwarded in his application for a writ, e.g., that the prosecution constructively amended the indictment. Petitioner also asseverates that we failed to discuss his claim and that we committed reversible error by allowing the prosecution to use illegally obtained evidence at trial.

## II.

### Framework and Relief Under Section 2255

■ A federal district court has jurisdiction to entertain a section 2255 motion only where the petitioner is currently in custody under the sentence of a federal court. See 28 U.S.C. § 2255. Section 2255 provides four grounds under which a federal prisoner, who seeks to challenge the imposition or length of his sentence, may seek relief. The petitioner may argue that: (1) the court imposed the sentence in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum time authorized by law; and (4) the sentence is otherwise subject to collateral attack. See id. Should a court find any of these errors, it "shall vacate and set the judgement aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." Id. Claims which do not allege constitutional or jurisdictional errors may be brought under section 2255 only if the claimed error would result in a complete miscarriage of justice. See

Knight v. United States, 37 F.3d 769, 772 (1st Cir.1994) (citing Hill v. United States, 368 U.S. 424, 428, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962)). Section 2255 "does not grant jurisdiction over a post-conviction claim attacking the execution, rather than the imposition or illegality of the sentence." United States v. DiRusso, 535 F.2d 673, 674 (1st Cir.1976).

■ A petitioner seeking relief under 28 U.S.C. § 2255 also must demonstrate, by a preponderance of the evidence, an entitlement to relief or a hearing. See Barrett v. United States, 965 F.2d 1184, 1186 (1st Cir.1992). Summary dismissal of a section 2255 petition is appropriate when the motion "(1) is inadequate on its face, or (2) although facially adequate, is conclusively refuted as to the alleged facts by the files and records of the case." United States v. DiCarlo, 575 F.2d 952, 954 (1st Cir.1978) (quoting Moran v. Hogan, 494 F.2d 1220, 1222 (1st Cir.1974)). When claims are based on facts with which the district court is familiar, "the court may make findings without an additional hearing, and, as in the case for findings of the trial court generally, those findings will not be overturned unless they are clearly erroneous." DiCarlo, 575 F.2d at 954–55.

## III.

### Discussion

#### A. Illegally Obtained Evidence

Petitioner maintains that we committed reversible error by permitting the prosecution to use unlawfully seized evidence at trial. Petitioner asserts that the government obtained this evidence from properties that it seized from him during the government's criminal investigation of Petitioner. Petitioner, however, does not state why he considers the seizure of his property to have constituted a violation of

the Fourth and Fifth Amendments, U.S. CONST. amends. IV and V.

In *Stone v. Powell*, 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976), the Supreme Court limited the availability of collateral review of state court judgments regarding Fourth Amendment violations. *See Tart v. Commonwealth of Mass.*, 949 F.2d 490, 497 n. 6 (1st Cir.1991) (citations omitted). Specifically, the Court held that when a State provides an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a federal court grant a state prisoner habeas corpus relief on the ground that the prosecution introduced at trial unlawfully searched or seized evidence. *See Johnson v. Moran*, 812 F.2d 23, 24 (1st Cir.1987).

■ In reaching its holding, the Supreme Court emphasized the nature and purpose of the exclusionary rule rather than the general function of federal habeas review. *See* WAYNE R. LAFAVE, JEROLD H. ISRAEL & NANCY J. KING, CRIMINAL PROCEDURE § 28.3(c) (2d ed.1999). The Court noted that the exclusionary rule is a judicially created remedy, and not a personal right of a criminal defendant. *Stone*, 428 U.S. at 486, 96 S.Ct. 3037; *see United States v. Calandra*, 414 U.S. 338, 348, 94 S.Ct. 613, 38 L.Ed.2d 561 (1974). The rule's primary function, the Court emphasized, is ·to "deter police misconduct by eliminating the incentive for police officers to disregard constitutional requirements on the chance they may turn up evidence which would incriminate the defendant."

*United States v. Aiudi*, 835 F.2d 943, 945 (1st Cir.1987) (discussing *Stone* and its progeny). Thus, since the exclusionary rule is not designed to redress the injury the search victim may have suffered to his privacy, *Calandra*, 414 U.S. at 347, 94 S.Ct. 613 (citation omitted), its application is limited to " 'those areas where its remedial objectives are thought most efficaciously served.' " *United States v. Leon*, 468 U.S. 897, 907, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984) (citation omitted). The Court concluded that the costs of enforcing the exclusionary rule in collateral review of state court convictions[1] outweigh the potential benefits of deterring future police misconduct.

■ Although the First Circuit has not extended *Stone* to section 2255 cases, *Arroyo v. United States*, 195 F.3d 54 (1st Cir.1999), the Supreme Court's reasoning applies equally to federal prisoners. The application of the exclusionary rule on habeas corpus review of federal court proceedings would have very little deterrent effect, if any, on deliberate police misconduct given the temporal and, oftentimes, geographical distance between the alleged · Fourth Amendment violation and the federal habeas corpus review.[2] The social costs, however, would remain as high. Thus, we find that a federal prisoner may not collaterally attack the introduction at trial of unlawfully searched or seized evidence if he had a full and fair opportunity to litigate the alleged Fourth Amendment violation at trial or on direct appeal.

---

1. The social costs of the exclusionary rule include impeding the truth-seeking function of the judge and jury; facilitating the release of some guilty defendants or improving the terms of their plea bargains; penalizing law enforcement officers who acted in good faith; and, as a result of these other costs, inciting general disrespect for the law and the admin-

istration of justice. *Leon*, 468 U.S. at 907–08, 104 S.Ct. 3405 (citations omitted).

2. The risk of excluding unlawfully seized evidence at trial deters police misconduct; habeas review of cases involving alleged Fourth Amendment violations would have no additional deterrent effect.

Precedent from the Tenth and the Ninth Circuits supports our finding. *See, e.g., United States v. Cook,* 997 F.2d 1312, 1317 (10th Cir.1993) (discussing three Supreme Court cases which support the extension of *Stone* to federal prisoners); *United States v. Hearst,* 638 F.2d 1190, 1196 (9th Cir. 1980). Similarly, other circuits soon may extend *Stone* to section 2255 cases. *See United States v. Schulte,* No. 99–7667, 2000 WL 1390205, at *1 (4th Cir. Sept. 26, 2000); *United States v. Harrison,* No. 99–3134, 2000 WL 818815, at *1 (D.C.Cir. May 19, 2000).

■ Here, Petitioner has not made an affirmative showing, as he must, *see Tart,* 949 F.2d at 497 n. 6, that he was not afforded a full and fair opportunity to present his Fourth Amendment claim in federal court. *Docket Document Nos. 2 and 26.* Petitioner also failed to raise his Fourth Amendment grievances on direct appeal. *See United States v. Santiago–Lugo,* 167 F.3d 81 (1st Cir.1999). Consequently, we find that Petitioner may not argue these same claims in his section 2255 application.

## B. *Other Arguments*

Petitioner also repeats many of the arguments that he advanced in his initial petition for habeas corpus relief. *See Docket Document No. 26.* After a careful review of our June 28, 2000 Opinion and Order, we see no reason to entertain Petitioner's claims further. *Cf. Mackin v. City of Boston,* 969 F.2d 1273, 1279 (1st Cir. 1992) (recognizing a district court's substantial discretion in deciding whether to allow party to introduce new material or argue new theory on reconsideration) (citations omitted).

## IV.

### Conclusion

In accordance with the foregoing, we **DENY** Petitioner's motion for reconsideration. This Order disposes of *Docket Document Nos. 26–31.*

**IT IS SO ORDERED.**